408 So.2d 650 (1981)
WINN-DIXIE STORES, INC., Petitioner,
v.
The Honorable John G. FERRIS, As Circuit Judge for the Seventeenth Judicial Circuit, Broward County, Florida, Respondent.
No. 81-1480.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
Rehearing Denied January 29, 1982.
Mercer K. Clarke of Smathers & Thompson, Miami, for petitioner.
*651 Harry A. Stewart, Gen. Counsel, and John Franklin Wade, Asst. Gen. Counsel for Broward County, Fort Lauderdale, for respondent.
BERANEK, Judge.
This is a petition for writ of prohibition. Petitioner, Winn-Dixie Stores, Inc., urges that the Circuit Court lacked jurisdiction to entertain a "Petition for Enforcement" filed by the Broward County Board of County Commissioners on behalf of the Human Rights Board of Broward County. We conclude the court below did not have jurisdiction and grant the writ.
In 1978, the Board of County Commissioners of Broward County enacted Ordinance No. 78-29 entitled "Broward County Human Rights Ordinance." This ordinance established certain standards regarding discrimination and created the Human Rights Board as a County Agency. The purpose of the Board was to consider complaints regarding discrimination in general. This case involves alleged racial discrimination in employment practices by petitioner, Winn-Dixie Stores, Inc. The ordinance established procedures for investigation and hearings on employee discrimination grievances and empowered the Board to impose sanctions upon a party found guilty of discrimination. Section 507 of the ordinance provides that, "[i]f the respondent does not accept to be bound by the order, then the Board may seek enforcement through a de novo judicial proceeding in the Circuit Court."[1]
Pursuant to this County Ordinance, Mr. Charles Paige, a resident of Broward County, filed a complaint with the Human Rights Board claiming Winn-Dixie discriminated against him as an employee. The Board eventually entered an order finding that Winn-Dixie had engaged in discriminatory practices. An order was entered requiring that Mr. Paige be reinstated with back pay, that the unlawful discriminatory practices cease, and that Winn-Dixie file a written report detailing its compliance with the order and pay attorneys' fees.[2] No affirmative steps were taken in compliance with the order of the Human Rights Board and, on January 13, 1981, the Broward County Board of County Commissioners filed a proceeding in Circuit Court entitled "Petition for Enforcement." This petition attached a copy of the order of the Human Rights Board and sought an order from the Circuit Court enforcing the Board's order. The defendant, Winn-Dixie Stores, Inc., filed various motions attacking the jurisdiction of the circuit court over the subject matter of the litigation. These motions were denied and the defendant was ordered to respond to the Petition. The Petition for Enforcement was clearly not in the nature of a de novo proceeding.
Certain facts are agreed upon by the parties. On the same day Mr. Paige filed his complaint with the Broward County Human Rights Board, he also filed a complaint with the Federal Equal Employment Opportunity Commission (EEOC) asserting the same acts of discrimination as were made to the Human Rights Board. The EEOC made an investigation and determined that there was no reasonable cause to believe that the allegations of discrimination were true. The EEOC issued a Notice of Right to Sue and on April 8, 1981, Mr. Paige, represented by counsel, filed a complaint in the United States District Court against Winn-Dixie and others alleging discrimination under Title VII of the Federal Civil Rights Act of 1964. This action is still being prosecuted and remains pending in the Federal District Court. The relief sought by Broward County on Mr. Paige's behalf in the action in the State Circuit Court and the relief sought by Mr. Paige in *652 his Federal Title VII suit are substantially the same.[3]
The parties also agree that Mr. Paige did not make a complaint of discrimination to the State of Florida Commission on Human Relations created under Section 23.163, Florida Statutes (1979), nor has he filed an action in circuit court pursuant to Section 23.167(12), Florida Statutes (1979).
Petitioner contends the Circuit Court lacks subject matter jurisdiction over the controversy and that the motions to dismiss based upon this ground should have been granted. We agree. The County seeks to have the Circuit Court confirm and enforce an order entered by the County Human Rights Board. The County ordinance which creates the Board also purports to create jurisdiction in the Circuit Court to enforce the orders of the Board. Article V, Section 5(b) of the Florida Constitution provides that Circuit Courts shall have original jurisdiction not vested in the County Courts. Article V, Section 20, provides that the Legislature may make such changes in the jurisdiction of the Circuit Court as would not be inconsistent with Sections 1 through 19 of the Article. Section 26.012, Florida Statutes (Supp. 1980) defines the jurisdiction of the Circuit Courts to be exactly as that set forth in Article V, Sections 5 and 20 of the Constitution.
Basically, the Circuit Courts of Florida do not have jurisdiction to enforce municipal or county ordinances. Article V, Section 6(b) provides that County Courts shall have uniform jurisdiction throughout the State and that such jurisdiction shall be as prescribed by general law. Pursuant to this constitutional mandate, the Legislature has described the jurisdiction of County Courts in Section 34.01, Florida Statutes (Supp. 1980), which provides: "County Courts shall have original jurisdiction: ... (b) Of all violations of municipal and County ordinances... ." In short, County Courts have jurisdiction to enforce municipal and county ordinances and the vesting of said jurisdiction in the County Court deprives the Circuit Courts of this jurisdiction. Only the Florida Constitution and the Legislature, where authorized by the Constitution, may confer jurisdiction on the courts of this State. Art. V, §§ 5(b), 20; and § 26.012, Fla. Stat. (Supp. 1980). The cause of action for enforcement of an order of the Broward County Human Rights Board in the Circuit Court is unauthorized. If Winn-Dixie is guilty of violating the Broward County Ordinance, then this violation may not be remedied in the Circuit Court pursuant to the statutes and Constitution of this State. Obviously, the Circuit Court may be given jurisdiction over such matters, but it must be by general law. Indeed, Section 23.167(12), Florida Statutes (1979), provides that any aggrieved person may bring a civil action against an employer for employment discrimination. The parties to the present action agree that Chapter 23 is not involved herein and does not form the jurisdictional basis for the action below. Clearly Mr. Paige could have brought an action in circuit court but he chose instead to proceed in federal court under Title VII.
Although the pleading filed by the County was entitled a "Petition for Enforcement" and sought confirmation and enforcement of the Board's order, the County argues now that the suit was actually one for injunction of a public nuisance. In the alternative, the County asserts this was simply a suit for injunction under the general equitable jurisdiction of the Circuit Court. Once again, the pleading filed belies these arguments. The Petition sought confirmation and enforcement of an order rather than injunctive relief based upon the inadequacy of other legal remedies. Mr. Paige clearly has remedies available. He has proceeded before the EEOC and presently has pending an action in Federal District *653 Court under Title VII of the 1964 Civil Rights Act. He further had an action available to him pursuant to Section 23.167(12), Florida Statutes (1979).
We conclude that the court below lacked jurisdiction over the subject matter, and the writ of prohibition is hereby granted. The matter is remanded to the trial court with directions to dismiss the action.
PROHIBITION GRANTED.
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] A copy of the ordinance which was attached to the Petition for Enforcement filed before the Circuit Court provided for "de novo" judicial proceedings. We were advised by counsel at the time of oral argument on December 3, 1981, that an amendment had occurred in the ordinance deleting the "de novo" requirement.
[2] Although certain documents were filed in the proceedings before the Human Rights Board by Winn-Dixie, the matter was not defended on the merits by presentation of evidence or argument of counsel.
[3] The relief sought in the Title VII suit is actually somewhat broader than that sought on behalf of Mr. Paige in the state court action. The Title VII suit contains claims for damages due to mental distress and for punitive damages. These allegations of damages are not made in the state court action, but these differences are not germane to our consideration here.