BASKIN, Judge.
Petitioners seek a writ prohibiting the circuit court from enforcing orders of the Metropolitan Dade County Fair Housing & Employment Appeals Board entered in an employment discrimination proceeding. Relying on Winn-Dixie Stores, Inc. v. Ferris, 408 So.2d 650 (Fla. 4th DCA 1981), review denied, 419 So.2d 1197 (Fla.1982), petitioners allege that the circuit court will exceed its jurisdiction if it attempts to enforce a county ordinance. They assert that jurisdiction to enforce county ordinances lies within the county court.
The Board determined that petitioners had discriminated against Emérita Abreu by failing to include maternity coverage in its health insurance, as required by federal law, and by terminating Abreu from employment because she was pregnant. The Board awarded unpaid wages, medical expenses, and interest. It ordered expunction of references to the unemployment discrimination charge against Southern Records and Tape Service, Tone Distributors, Inc., and Q Records and Tape, Inc., and review of petitioners’ health insurance policy to insure compliance with federal law. When petitioners failed to comply, the Board filed a petition in the circuit court for enforcement of its orders. Petitioners challenge the jurisdiction of the circuit court and request a writ of prohibition.
Respondent argues that the circuit court has jurisdiction based upon the amount in controversy and the request for equitable relief invoking the injunctive powers of the circuit court. Metropolitan Dade County Code, §§ HA-7(f)(iv), 11A-13.1 (1983).
We deem it unnecessary to reach the merits of the respective claims; the issue may properly be addressed on appeal.
It is a principal [sic] of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law_ And the writ will not be allowed to take the place of an appeal. In all cases, therefore, where the party has ample remedy by appeal from the order or judgment of the inferior court, prohibition will not lie....
Thus, where the defendant in an action instituted in an inferior court pleads to the jurisdiction of the court and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the case.
Sherlock v. City of Jacksonville, 17 Fla. 93, 97 (1879) (citations omitted).
Prohibition may be granted only when it is shown that the lower tribunal is without jurisdiction or is attempting to act in excess of jurisdiction. English v. McCrary, 348 So.2d 293, 296 (Fla.1977). The writ does not lie to prevent the mere erroneous exercise of jurisdiction by an inferior tribunal. Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941).
The circuit courts of the State of Florida are courts of general jurisdiction— similar to the Court of King’s Bench in England — clothed with most generous powers under the Constitution, which are beyond the competency of the legislature *327 to curtail. Ex Parte Henderson, 6 Fla. 279; Lamb v. State, 91 Fla. 396, 107 So. 535. They are superior courts of general jurisdiction, subject of course to the appellate and supervisory powers vested in the Supreme Court by the Constitution, and as a general rule it might be said that nothing is outside the jurisdiction of a superior court of general jurisdiction except that which is clearly vested in other courts or tribunals, or is clearly out side of and beyond the jurisdiction vested in such circuit courts by the Constitution and the statutes enacted pursuant thereto. Chapman v. Reddick, 41 Fla. 120, 25 So. 673; Curtis v. Albritton, 101 Fla. 853, 132 So. 677.
State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 504, 192 So. 175, 177 (1939). Circuit courts have jurisdiction over actions at law not cognizable by the county courts and in all cases in equity. § 26.012(2)(a), (c), Fla.Stat. (1983). Circuit court jurisdiction is invoked by good faith allegations in the pleadings. See Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA), review denied, 411 So.2d 385 (Fla.1981); Festa v. Britton, 372 So.2d 1168 (Fla. 3d DCA 1979).
In the case under consideration, the county seeks enforcement of orders which form the basis of its allegations that the amount involved exceeds $11,000 and justifies equitable relief; these allegations place the matter within the jurisdiction of the circuit court. Challenges to circuit court jurisdiction can be adequately addressed by plenary appeal. Whether, as argued by petitioners, other remedies foreclosing equitable relief are available to Abreu, is a question to be determined by the trial court.
We certify that this question is in express and direct conflict with Winn-Dixie Stores, Inc. v. Ferris, 408 So.2d 650 (Fla. 4th DCA 1981), review denied, 419 So.2d 1197 (Fla.1982).
Prohibition denied. Rule Nisi discharged.