DOWNEY, Judge.
Petitioners seek a writ of prohibition to prohibit the respondent circuit judge from proceeding in excess of the jurisdiction of the circuit court.
Petitioners own and operate a child care facility in Broward County, which facility is subject to the provisions of Chapter 402 of the Florida Statutes. In addition to the statewide requirements provided in said chapter, Broward County passed Ordinance # 81-112 requiring more stringent requirements for operation of day care centers. When petitioners refused to comply with said county requirements, the county revoked petitioners’ license to operate. Nonetheless, petitioners continued their operation, causing the county to seek injunc-tive relief in the circuit court. A temporary injunction was entered prohibiting petitioners from operating the center pending that litigation, and petitioners have been found in contempt of said order.
Petitioners seek to prohibit further proceedings below, contending that the court is proceeding in excess of its jurisdiction because it is attempting to enforce a county ordinance, and that jurisdiction to do so lies exclusively within the jurisdiction of the county court. Petitioners rely upon section 34.01(1)(b), Florida Statutes (1985), and Winn-Dixie Stores v. Ferris, 408 So.2d 650 (Fla. 4th DCA 1982), to support their contentions. We hold such reliance is misplaced.
The proceeding that petitioners seek to prohibit is a suit in equity for injunctive relief to prohibit petitioners from operating a day care facility without a license as is required by state statute, section 402.312, Florida Statutes (1983), and in violation of a Broward County ordinance. Thus, at least to the extent that the suit seeks to prevent petitioners from operating without a license required by general law, there can be no jurisdictional question presented. Furthermore, since the circuit court has jurisdiction to issue injunctions, if the proceeding is defective in any way, it would amount to an erroneous exercise of its jurisdiction' rather than an absence of jurisdiction, which would be reviewable by plenary appeal.
Accordingly, the petition for writ of prohibition is denied.
LETTS and HERSEY, JJ., concur.