502 So.2d 413 (1986)
SOUTHERN RECORDS & TAPE SERVICE, et al., Petitioners,
v.
Murray GOLDMAN, Etc., Respondent.
No. 66290.
Supreme Court of Florida.
December 24, 1986.
Rehearing Denied March 9, 1987.
*414 Hofrichter & Quiat, P.A., and Steven R. Berger, Miami, for petitioners.
Robert A. Ginsburg, Dade Co. Atty., and Daniel A. Weiss, Asst. Co. Atty., Miami, for respondent.
McDONALD, Chief Justice.
We have for review Southern Records & Tape Service v. Goldman, 458 So.2d 325 (Fla. 3d DCA 1984), which the district court certified as being in conflict with Winn-Dixie Stores, Inc. v. Ferris, 408 So.2d 650 (Fla. 4th DCA 1981), review denied, 419 So.2d 1197 (Fla. 1982). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. The issue presented is whether the district court properly denied Southern's petition for writ of prohibition. We find that the district court did not abuse its discretion by denying prohibition and approve the district court's opinion.
Emerita Abreu worked for Southern. When she became pregnant, she informed Southern of her pregnancy and inquired about maternity benefits. Southern then fired her, allegedly to avoid providing medical benefits during her pregnancy. Abreu filed a discrimination complaint with the Metropolitan Dade County Fair Housing and Employment Appeals Board. The board investigated the complaint and, after a trial before the board, found that Southern had terminated Abreu's employment to avoid providing maternity benefits to her. The board ordered Southern to make restitution to Abreu for back pay and her medical expenses, to expunge Abreu's employment record of any references to the discrimination charge, and to pay Abreu's reasonable attorney's fees.
Southern failed to comply with the board's orders or to appeal those orders. The board then filed a petition for rule nisi in the circuit court for enforcement of its orders. Southern moved for dismissal, alleging lack of jurisdiction. The circuit court denied the motion to dismiss, and Southern petitioned the district court for a writ of prohibition. The district court denied the petition, holding that, because the circuit court's jurisdiction could be challenged on appeal, the merits of the petition need not be reached. We agree with the district court's resolution of this matter.
Prohibition is an extraordinary writ and is designed to keep courts from acting when they have no jurisdiction to act. English v. McCrary, 348 So.2d 293 (Fla. 1977); Sherlock v. City of Jacksonville, 17 Fla. 93 (1879). It is not available to prevent an erroneous exercise of jurisdiction or if another appropriate and adequate legal remedy exists. McCrary. Prohibition is not a writ of right, but, rather, is a discretionary writ. State ex rel. Washburn v. Hutchins, 101 Fla. 773, 135 So. 298 (1931); State ex rel. Florida Real Estate Commission v. Anderson, 164 So.2d 265 (Fla. 2d DCA 1964). The district court acknowledged these general rules applicable to prohibition and then held that the circuit court's jurisdiction had been invoked *415 properly, that a challenge to that jurisdiction could be addressed by plenary appeal, and that the writ of prohibition, therefore, should be denied.
When it went into circuit court, the appeals board asked for more than $11,000 in damages and for equitable relief. Its pleadings put the case within the jurisdiction of the circuit court. Art. V, § 20, Fla. Const.; § 26.012, Fla. Stat. (1985). Southern has failed to demonstrate an abuse of discretion in the district court's denial of the requested writ, and we refuse to disturb that court's decision, which we hereby approve.
It is so ordered.
ADKINS, SHAW, EHRLICH and BARKETT, JJ., concur.
OVERTON, J., dissents with an opinion, in which BOYD, J., concurs.
OVERTON, Justice, dissenting.
I dissent. I would issue a writ prohibiting the circuit court from enforcing the damage award and injunctive relief order of the Metropolitan Dade County Fair Housing and Employment Appeals Board because I find that part of the Code of Metropolitan Dade County which authorizes the award of damages to be unconstitutional.
The majority does not address the merits of petitioner's contention, specifically whether Dade County may create a board authorized to award damages, costs, and attorney fees, and order compliance with its directions. It leaves that question to be resolved in the traditional appellate process. I agree with the dissent of Judge Barkdull that boards of county commissions in this state are not "empowered to create boards or commissions that can award civil relief in the form of compensatory damages or grant equity rights such as enjoyed between private litigants." 458 So.2d at 327 (footnote omitted). As Judge Barkdull explains, the granting of such power would establish judicial authority in such boards and thereby would violate article V, section 1, of the Florida Constitution:
The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality.
Id. This constitutional provision was intended to limit judicial power to the designated courts of this state and to foster the objective of obtaining uniform administration of justice. If Dade County was permitted in this instance to create a board to consider accusations of discrimination, each of Florida's other 66 counties and 391 municipalities could establish boards to adjudicate other civil matters. The authority to award damages and direct injunctive relief is a basic judicial power that may not be delegated in this manner to an administrative board. I conclude that a writ of prohibition is a proper remedy to prevent the circuit court from exercising jurisdiction it received from a clearly unconstitutional ordinance.
BOYD, J., concurs.