887 So.2d 381 (2004)
SIRGANY INTERNATIONAL, INC., Petitioner,
v.
MIAMI-DADE COUNTY, Florida, Respondent.
No. 3D04-1527.
District Court of Appeal of Florida, Third District.
September 22, 2004.
Rehearing and Rehearing Denied December 3, 2004.
*382 Stephen M. Cody, Miami, for petitioner.
Robert A. Ginsburg, County Attorney and Dennis A. Kerbel, Assistant County Attorney; Marie Perikles and Christopher Mazzella, Office of Inspector General, for respondent.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied December 3, 2004.
FLETCHER, Judge.
Sirgany International, Inc., has invoked by petition this court's original jurisdiction, seeking the issuance of a writ of prohibition. Sirgany contends that the circuit court does not have jurisdiction over the underlying action (circuit court case no. 04-1922 CA32) brought by the Miami-Dade Inspector General to enforce his subpoena seeking certain records of Sirgany. We deny Sirgany's petition on the merits.
As we noted in Sirgany Internat'l, Inc. v. Miami-Dade County, 845 So.2d 1017 (Fla. 3d DCA 2003), the Miami-Dade Office of Inspector General has the responsibility to investigate various and sundry county matters, and is delegated the power to subpoena witnesses and to require the production of documents in aid of investigation.[1] The Inspector General has sought by subpoena the production of certain records of Sirgany in relation to Sirgany's commercial activities at the Miami International Airport. Sirgany has resisted production, thus placing the Inspector General in the position whereby he has had to seek circuit court enforcement of his subpoena.[2]
Sirgany contends in its prohibition petition that the circuit court does not have jurisdiction of the Inspector General's subpoena enforcement action. Sirgany bases its argument on Article V, section 20(c)(4), Florida Constitution, and on section 34.01(a), Florida Statutes (2003), both of which provide that the county courts shall have original jurisdiction of all violations of municipal and county ordinances. As Article V, section 5(b), Florida Constitution provides that the circuit courts shall have original jurisdiction which is not vested in the county courts, Sirgany's ultimate argument is that only the county courts have jurisdiction over municipal and county ordinances.
*383 However, section 26.012, Florida Statutes (2003) governs the jurisdiction of the circuit courts. It reads in pertinent part:
"(2) [Circuit courts] shall have exclusive original jurisdiction:... (c) In all cases in equity ... [and] (3) the circuit court may issue injunctions."
As we noted, the county courts' jurisdiction is limited by the Florida Constitution and by statute to violations of municipal and county ordinances; that is, they have jurisdiction over the prosecutions of ordinance violators. On the other hand, the circuit courts have been assigned jurisdiction to issue all injunctions of whatever nature, which includes those enforcing ordinances. As the Inspector General's petition seeks enforcement of his subpoena, an injunctive action, the circuit court has jurisdiction and Sirgany's prohibition petition fails.
This jurisdictional arrangement is nothing new. In Pinellas County v. Hooker, 200 So.2d 560 (Fla. 2d DCA 1967), for example, the Second District Court of Appeal determined that the enforcement of an ordinance (there a zoning ordinance) by circuit court injunctive relief was not precluded by the availability of a legal "remedy," that being the ability of the county to prosecute a criminal action in county court.[3] In commenting on the jurisdictional arrangement the supreme court pointed out in Rich v. Ryals, 212 So.2d 641, 644 (Fla.1968) that denying the county injunctive relief to enforce zoning regulations and restricting it to county court criminal procedure would in effect render the zoning regulations useless. The same uselessness would result here. Indeed, Sirgany's argument, if adopted, would eliminate the enforcement of any and all municipal and county ordinances, thus rendering them all useless.
The Inspector General is seeking equitable, injunctive relief enforcing his subpoena which he issued pursuant to the county's ordinance. His petition in the underlying case has alleged issuance and Sirgany's noncompliance. That is sufficient to invoke the circuit court's jurisdiction.
Petition for writ of prohibition is denied.
COPE, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
I believe that the issue in this case is controlled by Southern Records and Tape Service v. Goldman, 458 So.2d 325 (Fla. 3d DCA 1984), approved, 502 So.2d 413 (Fla.1986). Although my own preference[4] is for the directly contrary view expressed by the Fourth District in Winn-Dixie Stores, Inc. v. Ferris, 408 So.2d 650 (Fla. 4th DCA 1981), review denied, 419 So.2d 1197 (Fla.1982), and by Judge Barkdull's dissent in Southern Records, I am bound to concur on the authority of the majority decision in Southern Records.[5]
NOTES
[1] By section 1.01A(20), Miami-Dade County Home Rule Charter, the Board of County Commissioners has been empowered to:

"Make investigations of county affairs ... and for these purposes... subpoena witnesses ... and require the production of records."
By section 2-1076(c)(3), Miami-Dade County Code, the Board of County Commissioners delegated subpoena power and production power to the Inspector General. See Sirgany Internat'l, Inc. v. Miami-Dade County, 845 So.2d 1017 (Fla. 3d DCA 2003).
[2] The Inspector General filed suit in the form of a sworn petition to show cause. Whatever its label, it is a civil action. See Rule 1.040, Fla.R.Civ.P.
[3] Hooker also holds that the enforcement of an ordinance does not require the presence of a nuisance in order for injunctive relief to be available.
[4] Because nobody has written on either a clean or dirty slate for several decades now, I do not employ that particular cliche.
[5] In its review of Southern Records the Supreme Court did not resolve the conflict between that decision and Winn-Dixie, 408 So.2d at 650.