968 So.2d 54 (2007)
Ed CRAPO, as Property Appraiser of Alachua County, Florida, Appellant,
v.
HCA, INC., a Delaware corporation, Appellee.
No. 1D06-5640.
District Court of Appeal of Florida, First District.
October 10, 2007.
Rehearing Denied November 20, 2007.
Sherri L. Johnson and R. Laine Wilson of Dent & Johnson, Chartered, Sarasota, for Appellant.
Robert E.V. Kelley, Jr., Patrick J. Risch and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellee.
Jeffrey M. Clyman, Palm Beach County Property Appraiser's Office, West Palm Beach, for Amicus Curiae Gary R. Nikolits, as Property Appraiser for Palm Beach County.
WEBSTER, J.
Appellant, the property appraiser of Alachua County, seeks review of an order dismissing with prejudice his complaint for a subpoena duces tecum compelling appellee to produce financial records relating to appellee's tangible personal property in Alachua County. Because we conclude *55 that the complaint stated a cause of action for a subpoena duces tecum pursuant to section 195.027(3), Florida Statutes (2006), and Florida Administrative Code Rule 12D-1.005, we reverse and remand for further proceedings.
In June 2006, appellant filed a "Complaint for Subpoena Duces Tecum" which alleged that appellee declined appellant's written request to produce documents which were necessary for appellant to accurately determine the value of appellee's property as of January 1, 2006. Appellant requested that the court issue a writ of subpoena duces tecum directing appellee to produce the requested documents pursuant to Florida Administrative Code Rule 12D-1.005.
Appellee filed a motion to dismiss the complaint on the grounds that (1) the court was without subject matter jurisdiction because no applicable authority allowed appellant to seek a subpoena duces tecum and (2) appellant's action, in effect, was for a pure bill of discovery, which was not appropriate under the circumstances. As to the first ground, the motion claimed that rule 12D-1.005 was an invalid exercise of delegated legislative authority insofar as it enlarged or modified section 195.027(3), Florida Statutes, which provided no authority for a property appraiser to seek or obtain a subpoena, and unconstitutionally attempted to confer jurisdiction on the circuit court. The motion further cited Florida case law for the proposition that a taxpayer had no statutory obligation to comply with a property appraiser's request for financial records. As to the second ground, the motion claimed that a pure bill of discovery was not appropriate because appellant was not seeking information to aid "the prosecution or defense of an action pending or about to be commenced in some other court."
The trial court granted appellee's motion and dismissed the complaint with prejudice upon finding that (1) neither rule 12D-1.005 nor section 195.027 conferred subject matter jurisdiction upon the court to issue a subpoena for the requested financial records and (2) the court did not have subject matter jurisdiction in equity where the complaint appeared to have been brought as a "type of investigatory tool." This appeal follows.
The real issue in this case is not whether the circuit court had subject matter jurisdiction, because it is clear that it did have subject matter jurisdiction over appellant's action to compel the production of financial records necessary to determine the value of appellee's nonhomestead property for taxation purposes. See § 194.171(1), Fla. Stat. (2006) (providing that the circuit courts shall "have original jurisdiction at law of all matters relating to property taxation"); § 26.012(2)(c) & (3), Fla. Stat. (2006) (providing that the circuit courts "shall have exclusive original jurisdiction . . . [i]n all cases in equity" and "may issue injunctions"); Sirgany Int'l, Inc. v. Miami-Dade County, 887 So.2d 381 (Fla. 3d DCA 2004) (holding that the circuit court had exclusive original jurisdiction over an action by the county inspector general seeking equitable, injunctive relief enforcing his subpoena for certain corporate records). The real issue is whether appellant was entitled to seek a subpoena pursuant to section 195.027(3) and rule 12D-1.005.
Section 195.027(3) allows the property appraiser to seek the pre-assessment or post-assessment production of financial records when "it is determined that such records are necessary to determine either the classification or the valuation of taxable nonhomestead property." Bystrom v. Whitman, 488 So.2d 520, 522 (Fla.1986). Prior to this provision's adoption *56 in 1973, the property appraiser was without authority to obtain a property owner's financial records because property owners were not required to reveal such records. See Ch. 73-172, § 2, at 333, Laws of Fla.; Palm Corp. v. Homer, 261 So.2d 822, 823 (Fla.1972); Whitman v. Bystrom, 464 So.2d 182, 184 (Fla. 3d DCA 1985), quashed on other grounds, 488 So.2d 520 (Fla.1986). Pursuant to rulemaking authority granted by section 195.027(3), the Department of Revenue adopted rule 12D-1.005 governing access to financial records which, among other things, authorizes the property appraiser to seek a subpoena duces tecum in circuit court if a taxpayer refuses a written demand for production of the records. See Fla. Admin. Code R. 12D-1.005(2)(d) ("In the event the taxpayer shall refuse, after written demand, to make production of the books and records requested, the requesting agency shall have the right to proceed with an original action in the Circuit Court for an application to the court for a subpoena duces tecum and production of the records in question").
In his complaint, appellant alleged that appellee refused a written demand to produce financial records which were necessary for appellant to accurately determine the value of appellee's property as of January 1, 2006. This was sufficient to state a cause of action for a subpoena duces tecum pursuant to section 195.027(3) and rule 12D-1.005(2)(d). To the extent appellee argues that the financial records were not necessary for appellant to accurately determine the value of appellee's property, such a contention is not properly raised in a motion to dismiss because the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and resolve all inferences in the plaintiff's favor. Gowan v. Bay County, 744 So.2d 1136, 1138 (Fla. 1st DCA 1999).
Accordingly, we reverse the trial court's order dismissing appellant's complaint seeking a subpoena duces tecum pursuant to rule 12D-1.005(2)(d) and remand for further proceedings. Although appellee maintained below that rule 12D-1.005 was an invalid exercise of delegated legislative authority insofar as it enlarged or modified section 195.027(3), we do not address that argument here because appellee has not pursued it on appeal.
REVERSED and REMANDED, with directions.
HAWKES and ROBERTS, JJ., concur.