HENDRY, Judge.
The appellees brought action against the appellants in chancery challenging the validity of the 1965 ad valorem tax valuation on the Fontainebleau Hotel. Their complaint alleged, in part, that in 1963 the Circuit Court of Dade County had legally determined that 50% of the just valuation of the Fontainebleau property was $7,945,100; that this finding bound the Dade County Tax Assessor to a 100% valuation of $15,890,200 in 1965; and, that the 1965 assessment of $16,975,200 was improper because there has been no change in the condition of the property between the 1963 adjudication and the 1965 tax assessment. The appellants (taxing authorities) answered, and denied that the property was assessed in an amount in excess of its fair market value. The appellants subsequently filed their motion to produce the following:
(1) The income records pertaining to income received by Connecticut General Life Insurance Company from the Fontainebleau Hotel;
(2) The United States income tax returns of the Fontainebleau Hotel, for the years 1962 through 1965;
(3) All of the insurance policies covering damage to the Fontaine-bleau Hotel, or which covered same during the years 1962 through 1965;
(4) Récords showing actual expenses and maintenance costs incurred by the Fontainebleau for the years 1962 through 1965; and
(5) The mortgages referred to in plaintiff’s answer to defendant’s interrogatory numbered 34.
The trial judge found that the appellants had not established good cause for the production of these documents and denied their motion. This interlocutory appeal follows.
Section 193.11, Fla.Stat., F.S.A., directs that the County Tax Assessor shall make out an assessment roll of all taxable property in the county, real and personal, between January 1 and July 1 in each year. It requires that he “shall assess all property on the basis provided in § 193.021”.
Section 193.021, Fla.Stat., F.S.A., pro vides that the County Tax Assessor in ar *492 riving at a just valuation, shall take into consideration certain specific factors, the seventh of which is “the income from said property”.
It is well recognized that the party seeking discovery of documents under Rule 1.350, Florida Rules of Civil Procedure, 30 F.S.A., has the burden of showing good cause therefor. Seaboard Air Line R. Co. v. Timmons, Fla.1952, 61 So.2d 426; Olin’s Rent-A-Car System, Inc. v. Avis Rental Car System of Florida, Inc., Fla.App.1961, 135 So.2d 434. As stated above, it is equally well established, by legislative act, that the income attributable to a parcel of real property is one factor to be considered by the County Tax Assessor in determining a just valuation of that property for tax purposes. Section 193.-021(7), Fla.Stat., F.S.A., supra. Appellants contend only that their motion to produce contains allegations sufficient to constitute a showing of good cause, and that, therefore, it was an abuse of discretion for the trial court to deny discovery.
To this argument, appellees respond that since appellants allege that they have heretofore had no access to the documents sought, the assessment now under attack must have been made without use or benefit of them. This being the case, the assessment must stand or fall on the basis of the validity of the criteria used to make it, and therefore, appellees contend, the documents sought are irrelevant, precluding any possibility that good cause can be shown or that the documents can be admitted into evidence. However, we must agree with appellants who point out that the amount of the assessment, not the manner of arriving at it, is the issue being defended in this case. The assessment may be defended by the presentation of any legally competent and relevant evidence proving or tending to prove the fair market value of the assessed property. See: Walter v. Schuler, Fla.1965, 176 So.2d 81. Discovery of material which is relevant to the subject matter of the cause is permitted, even though the information gained may be inadmissible as evidence at trial. Southern Mill Creek Products Co. v. Delta Chemical Company, Fla.App.1967, 203 So.2d 53; Parker v. Parker, Fla.App.1966, 182 So.2d 498.
Without unduly lengthening this opinion by quoting directly from appellants’ motion to produce, we hold that the motion contained sufficient showing of good cause to warrant granting discovery of the items sought.
Reversed.