LOPEZ, AQUILINO, Jr., Associate Judge.
This is an appeal from a judgment of the Circuit Court of Dade County which judgment was entered in a suit brought by appellant, Whitman, against the Tax Collector of Dade County, et al. The suit had for its object a reduction of the 1967 ad valorem assessment against Whitman’s property. The Court found that the assessment was not excessive and dismissed Whitman’s complaint. Hence this appeal.
Whitman’s complaint alleged that the assessment was in excess of the full cash value of the property and that the assessment was systematic and an intentional act on the part of the assessor in placing a valuation on Whitman’s property that was relatively higher than they placed upon places of the same class owned by others and, therefore resulted in willful discrimination. Whitman owns a tract of land at N.E. 135th Street and Biscayne Boulevard in North Miami on which is conducted by a corporate lessee, 80% of the stock of which corporate lessee is owned by Whitman, the business of selling boats and engines. The property including its improvements was assessed for the year, 1963, at $124,100; for 1964, $248,200; for 1965, $248,200; for 1966, $427,800 and for 1967, $583,760.
Appellant submitted testimony of a real estate appraiser who testified to a value of $428,500 while appellees submitted also the testimony of a real estate appraiser who testified to a value of $681,000.
Appellant contends that there are five points involved in this appeal:
POINT 1.
The assessment of subject property was void because in 1966 the valuation was *48 doubled on the ground that the area was only half of what it should have been and this doubled assessment was used as a basis for the 1967 taxes. The Plaintiffs tract was divided into three parts for tax purposes, i. e. the Boulevard frontage, the 135th Street frontage and the area behind both. Yet the Tax Assessor and the Defendant’s only expert were wholly ■unable to say where the area lay that was ■omitted from the pre-1966 assessment and brought forward into the 1967 assessment. (Raised by Assignments of Error No. a-v).
POINT II.
The assessment of the Plaintiff’s property was void for failure of the Tax Assessor to consider the criteria prescribed by Florida Statute 193.021 in determining a just valuation of the property. (Raised by Assignments of Error No. 1-V).
POINT III.
The testimony on which the Court based its judgment was that of J. N. Lummus, Jr., which was wholly inadequate for that purpose since such testimony included illegal factors in arriving at value and omitted elements necessary for that purpose. (Raised by Assignments of Error No. 1-V).
POINT IV.
The Plaintiff in 1960 and 1961 had an appraisal of the property made for the purpose of securing a mortgage loan thereon, for which loan the Plaintiff was personally liable. The Court over Plaintiff’s object admitted the appraisal into evidence. In so doing the Court erred for the reason that said report was incompetent, immaterial and irrelevant because of its remoteness in time and difference in purpose. (Raised by Assignments of Error No. VII).
POINT V.
Plaintiff sustained his burden of proof by showing a prima facie case while defendant failed to present an adequate defense. (Raised by Assignments of Error No. 1-V).
As to Point No. 1, there was no showing that the 1966 assessment bore any relation to the 1967 assessment for there was evidence that in given instances assessments made by previous assessor were low and the present assessor has tried to set the pattern of assessments at the proper level, and there was evidence that the assessment for 1966 was too low.
As to Point No. 2, the main thrust is that the assessor did not use the proper income approach. The real estate expert for the appellant used the rental paid by the corporate lessee to Whitman but the record shows that Whitman owns 80% of the stock in the corporate lessee and therefore the real estate expert for the appellee used a different income approach. Even though a different income approach was used, this was not the only criteria which was used in setting the assessment but this was used in conjunction with the other criteria as required by Section 193.021, Florida Statutes, F.S.A.
As to Points No. 3, 4 and 5, there is enough legally competent evidence to support the final judgment upholding the assessment even though some incompetent evidence may have been admitted.
The amount of the assessment and the manner in arriving at it is the issue being defended in this case. The assessment may be defended by the presentation of legally competent and relevant evidence proving or tending to prove the fair market value of this assessed property. Homer v. Connecticut General Life Insurance Company, Fla.App.1968, 213 So.2d 490; Walter v. Schuler (Fla.1965), 176 So.2d 81; Williams v. Simpson (Fla.App.1968), 209 So.2d 262.
Affirmed.