488 So.2d 520 (1986)
Franklin B. BYSTROM, Etc., et al., Petitioners,
v.
S.F. WHITMAN, et al., Respondents.
No. 66916.
Supreme Court of Florida.
March 27, 1986.
Rehearing Denied June 5, 1986.
Robert A. Ginsburg, Dade Co. Atty. and Daniel A. Weiss, Asst. Co. Atty., Miami, and Jim Smith, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for petitioners.
Stuart L. Simon of Fine, Jacobson, Schwartz, Nash, Block and England, Miami, for respondents.
Larry E. Levy of Macfarlane, Ferguson, Allison and Kelly, Tallahassee, amicus curiae for C. Ray Daniel, as Property Appraiser of Hillsborough County, and the Property Appraisers Ass'n of Florida, and Mygnon C. Evans, Lakeland, amicus curiae for Florida Citrus Mut.
McDONALD, Justice.
We have for review Whitman v. Bystrom, 464 So.2d 182 (Fla. 3d DCA 1985), which expressly affects a class of constitutional officers. This Court has jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue is whether the district court erred in concluding that the trial court abused its discretion by ordering *521 the production of the taxpayers' personal income tax returns and other financial documents. We answer in the affirmative and quash the decision of the district court.
The facts of this case are largely undisputed. The Whitmans, hereinafter referred to as the taxpayers, own as partners a shopping center in Bal Harbour, Florida, known as the Bal Harbour Shops. The Dade County Property Appraiser assessed the 1981 value of the Bal Harbour Shops at $18,101,841. In calculating this assessment a hypothetical net income had to be utilized in the valuation formula because the taxpayers refused to make the actual net income data available to the property appraiser. The taxpayers challenged the assessment before the county's Property Appraisal Adjustment Board (PAAB). Although the taxpayers did not question the hypothesized net income which the appraiser attributed to the property, they argued that the capitalization rate applied to this net income figure was unduly low. The PAAB adopted the recommendation of a special master and reduced the assessment to $16,291,656. The property appraiser disputed this reduction and brought suit to restore the original assessment.
During discovery, the property appraiser requested that the taxpayers produce for examination and inspection portions of personal income tax returns and other financial documents pertaining to the Bal Harbour Shops property for 1980, 1981, and 1982. Over the taxpayers' objection the trial court compelled production.[*] On certiorari the Third District Court of Appeal quashed the order compelling production, ruling that, because the taxpayers did not challenge the hypothesized net income figure, income data was irrelevant. We disagree.
We begin our analysis by noting the general proposition that the core issue in any action challenging a tax assessment is the amount of the assessment, not the methodology utilized in arriving at the valuation. Homer v. Connecticut General Life Insurance Co., 213 So.2d 490 (Fla. 3d DCA 1968). An appraiser may reach a correct result for the wrong reason. City National Bank v. Blake, 257 So.2d 264 (Fla. 3d DCA 1972). Indeed, a taxpayer must carry a heavy burden in order to successfully challenge a property tax assessment. A tax assessment carries a strong presumption of validity and, in order to prevail, the taxpayer must present proof that excludes every hypothesis of a legal assessment. Blake v. Xerox Corp., 447 So.2d 1348 (Fla. 1984); Straughn v. Tuck, 354 So.2d 368 (Fla. 1977); Powell v. Kelly, 223 So.2d 305 (Fla. 1969).
The Florida Constitution mandates the just valuation of all property for ad valorem tax purposes. Art. VII, § 4, Fla. Const. The property appraiser arrives at the actual assessment by following either the "cost approach," the "market approach," the "income or economic approach," or any combination thereof. Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982), review denied, 429 So.2d 5 (Fla. 1983). Although the parties in the case at bar dispute the combination of valuation methods utilized in assessing the Bal Harbour Shops property, all agree that the property appraiser did use the income approach, either alone or in conjunction with other methods. Further, all parties agree that the accepted formula for valuing property under the income approach is expressed as:
 Net Income
 _______________________ = Value
 Overall rate of return
 (Capitalization rate)
Because the appraiser utilized this formula in valuing the Bal Harbour Shops, no doubt exists as to the relevance of net *522 income in determining the tax assessment at issue in the instant case.
The taxpayers concede that data concerning the income a subject property generates would normally be relevant and discoverable. Walter v. Schuler, 176 So.2d 81 (Fla. 1965); Bystrom, 416 So.2d at 1138. Indeed, in light of the language in section 193.011(7), Florida Statutes (1979), which specifically orders the property appraiser to consider the income generated by a given piece of property when arriving at its just valuation, any contention to the contrary would be frivolous. Straughn, 354 So.2d at 371; § 193.011(7), Fla. Stat. (1979). The taxpayers argue, however, that the instant case represents an exception to that general rule. We disagree and find the district court erred in so holding.
In appraising the Bal Harbour Shops the appraiser had to assign a hypothetical income figure due to the taxpayers' refusal to supply actual income data. The taxpayers contend that, because they are willing to accept this hypothetical income figure and because they have only challenged the capitalization rate, the income figure has been stipulated out of contention. A party, however, cannot stipulate to such matters unilaterally.
In defending its position both the adverse party and the court are entitled to the whole factual picture. Orlowitz v. Orlowitz, 199 So.2d 97 (Fla. 1967), citing Parker v. Parker, 182 So.2d 498 (Fla. 4th DCA 1966). In light of the strong legal presumptions involved, this is particularly true in a case of a property appraiser defending a tax assessment. Yet the taxpayers appear to want the best of both worlds, challenging one portion of the valuation formula while unilaterally binding the appraiser on all other matters. Moreover, the taxpayers wish to challenge the assessment while preventing the appraiser from obtaining the information needed to defend the assessment. Such a result would be fundamentally unjust. As this Court stated in Hagerty v. Southern Bell Telephone & Telegraph Co., 145 Fla. 51, 55, 199 So. 570, 572 (1940): "One cannot come into a Court ... seeking relief and then refuse to answer questions pertaining to the matter about which relief is sought."
The taxpayers assert a fiction when they claim that the capitalization rate can be isolated in the valuation formula. Because a taxpayer must prove no legal hypothesis could support the assessment, a property appraiser should have the right to defend the assessment by re-examining any potentially erroneous element in the valuation formula. Such a result appears particularly compelling in the case at bar because the taxpayers' own intransigence forced the appraiser to assign a hypothetical figure as net income. The taxpayers basically ask us to reward their lack of cooperation, something we decline to do.
The taxpayers also argue that section 195.027(3), Florida Statutes (1979), limits the time a property appraiser can obtain access to taxpayer records to the pre-assessment period during which the appraiser is preparing the tax rolls. Such an interpretation is unwarranted. Section 195.027(3) states that the property appraiser, the Department of Revenue, and the Auditor General can obtain access to such records when "it is determined that such records are necessary to determine either the classification or the valuation of taxable nonhomestead property." § 195.027(3), Fla. Stat. (1979). Aside from the devastating impact the taxpayers' position would have on the Department of Revenue and the Auditor General were we to adopt it, nothing in the language of section 195.027(3) precludes the post-assessment production of pertinent records. Rather, this section is wholly a limitation on the purpose of the request. The tax assessment proceeding involved in the instant case is plainly a proceeding "to make a determination of the proper assessment as to the particular property in question" as intended by the statute. § 195.027(3), Fla. Stat. (1979). Accordingly, the district court erred in ruling that this provision barred post-assessment requests for data necessary for determining the just valuation of property.
*523 The taxpayers offer several retreating arguments as to why the income data that the appraiser seeks should not be subject to discovery. Yet the taxpayers fail to present any persuasive precedent for excepting a party from compliance with the Florida Rules of Civil Procedure merely because that party happens to be a taxpayer challenging an ad valorem assessment. Rules 1.280 and 1.350 of the Florida Rules of Civil Procedure provide for a broad range of discovery, allowing the discovery of any document relevant to the subject matter of the pending action. Simons v. Jorg, 384 So.2d 1362 (Fla. 2d DCA 1980). Under sections 193.074, 195.027(3), and 195.084(1), Florida Statutes (1979), the property appraiser is compelled to treat the data confidentially once it is obtained. Undisputably, under the rules of discovery, the taxpayer would be able to discover all the data in the hands of the appraiser concerning the subject property. Fla.R.Civ.P. 1.280(b) & 1.350(a). Yet the taxpayers insist this should not be reciprocal. This Court, however, will not allow our procedural rules to be used in such a manner as to allow one party to take unfair advantage of the other. Kaminsky v. Travelers Indemnity Co., 474 So.2d 287 (Fla. 3d DCA 1985); King v. Califano, 183 So.2d 719, 723 (Fla. 1st DCA 1966). The taxpayers also assert that the requested information is privileged pursuant to their constitutional right to privacy. We need not address this argument directly because, even if such a privilege did exist, the taxpayers waived it when they brought the tax assessment into issue. See Savino v. Luciano, 92 So.2d 817, 819 (Fla. 1957) (when a party files a claim based upon a matter normally privileged, the proof of which requires the privileged matter to be offered into evidence, he waives the right to insist during discovery that the matter is privileged). In light of our finding that the requested documents are relevant and discoverable, we need not address the other issues the property appraiser has raised.
Accordingly, we quash the opinion of the district court.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] The court ordered the taxpayers to produce the following documents: appraisals, mortgage documents and loan applications, rent rolls and tenant leases, casualty insurance policies, profit and loss statements, balance sheets, accountant's statements, sales data, financial statements, portions of income tax returns "relating to the operation of the subject property," and other documents that the taxpayers believe support the assessment reduction which the PAAB approved.