# GOULD, et al. v BYSTROM, etc., et al.
## Case No. 85-40289 (19)
### Eleventh Judicial Circuit, Dade County
### January 9, 1987

APPEARANCES OF COUNSEL

**Dorian S. Denburg, Shutts & Bowen,** for plaintiffs.

**Rodolfo Pittaluga, Jr., Holland & Knight,** for Liquidating Trustee for the Miami Center Liquidating Trust.

**Robert A. Ginsburg,** County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

## OPINION OF THE COURT

JACK M. TURNER, Circuit Judge.

### ORDER ON PLAINTIFFS' THEODORE B. GOULD AND MIAMI CENTER CORP.'S MOTION FOR PROTECTIVE ORDER

THIS CAUSE came before the Court pursuant to notice on the Motion for Protective Order filed by Plaintiffs Theodore B. Gould and Miami Center Corporation. The Court reviewed the file and considered the motion in light of the applicable authorities. The Court heard extensive argument of counsel and carefully considered the specific grounds of the Plaintiffs' motion.

Plaintiffs' objection to the deposition of Theodore B. Gould without subpoena is hereby overruled.

This action was brought to contest the 1984 ad valorem tax assessment of the Pavillon Hotel. Plaintiffs objected to production of documents both before and after January 1, 1984 on the basis that such document requests are "overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence[,] since the only relevant date in issue is January 1, 1984." This issue has previously been disposed of adversely to the Plaintiffs' position. In *Bystrom v. Equitable Life Assurance Society of the United States2rf, 416 So.2d 1133, 1138 (Fla. 3d DCA 1982), rev. denied,* 429 So.2d 5 (Fla. 1983), the Third District Court of Appeal ruled that "in determining the fair market value of the property on January 1, evidence which comes to light after that date may be relevant to the valuation as of January 1." The Third District reiterated its prior ruling in *Homer v. Connecticut General Life Insurance Co.,* 213 So.2d 490, 492 (Fla. 3d DCA 1968), where the Court stated: "The assessment may be defended by the presentation of any legally competent and relevant evidence proving or tending to prove the fair market value of the property." Clearly, because the Property Appraiser considers the historic income of property prior to the assessment date, evidence regarding fair market value is not limited solely to the January 1 annual assessment date. As the Third District stated in *Equitable,* 416 So.2d at 1140, the January 1

date for fixing the valuation of property is not a prohibition against the admission of evidence which comes into being on a date other than the assessment date. To hold otherwise would unreasonably limit the taxing authorities to a narrower scope of discovery than that afforded all other civil litigants. Such construction and application of the pretrial discovery rules would patently violate Fla.R.Civ.P. 1.010. Consequently, Plaintiffs' objection to production based on the contention that "the only relevant date in issue is January 1, 1984" is overruled.

Upon review of the Property Appraiser's Requests No. 1-14, it is apparent that the production of documents called for by those requests is substantially identical to those expressly approved by the Supreme Court of Florida in *Bystrom v. Whitman*, 488 So.2d 520, 521 fn. (Fla. 1986). Consequently, Plaintiffs' objections to Requests for Production No. 1-14 are overruled.

Document Request No. 15 is plainly limited by its own language to documents within Mr. Gould's custody, possession or control, and is otherwise within the scope of discovery. The same conclusion applies to Requests No. 16 and 17.

Although Plaintiffs' extensive written objections failed to mention the location of the documents requested to be produced or to set forth any objection based thereon, at the conclusion of argument and discussion by the Court on the merits of Plaintiffs' objections, counsel for the Plaintiffs represented *ore tenus* that some of the documents requested "may" be stored in 140 boxes stored in a Virginia warehouse. This Court has time and again been reminded by the adversary parties that the subject property has been involved in proceedings in the Bankruptcy Court as a result of a voluntary petition filed in August of 1984, and with respect to which both Bankruptcy Court and appellate proceedings continue. In the event that any of the requested documents or copies thereof are not physically located in Dade County within the custody, possession or *control* of Mr. Gould or any agent of Mr. Gould, Mr. Gould "shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request." Fla.R.Civ.P. 1.350(b).

After this Court announced its rulings denying Plaintiffs' Motion for Protective Order, counsel for the Liquidating Trustee for the Miami Center Liquidating Trust announced his appearance and filed with the Court a purported "Notice of Bankruptcy and Permanent Injunction." Counsel for the Liquidating Trustee represented to this Court that the Miami Center Liquidating Trust is the real plaintiff-in-interest in this

128

case and then argued that this Court is barred by the purported permanent injunction of 11 U.S.C. § 524 from proceeding further in this case. Counsel for the defendant taxing authorities herein argued that this Court is not enjoined from proceeding, but that to the contrary, the Bankruptcy Court, through the Honorable Thomas C. Britton, U. S. Bankruptcy Judge, specifically authorized the debtors and the Liquidating Trustee to pursue their purported ad valorem tax claims in State court. This proceeding is among those specifically authorized by the Bankruptcy Court. In deference to the rulings of the Bankruptcy Court authorizing the Plaintiffs to proceed to have their tax assessment claims adjudicated in State court, and in view of this Court's conclusion that real property taxes are levied *in rem* and not *in personam*, this Court is of the opinion and here concludes that the Bankruptcy Court has specifically authorized this Court to proceed to adjudicate the Plaintiffs' claims herein. Consequently, the Court rejects the Liquidating Trustee's contention that this action has been mooted by the proceedings in bankruptcy. This Court therefore authorizes this action to proceed and withholds ruling on whether the Liquidating Trustee is a necessary or proper party, pending proper motion.

Upon consideration, it is therefore

ORDERED and ADJUDGED that

1. The motion of Plaintiffs Theodore B. Gould and Miami Center Corporation for protective order be and the same is hereby denied based on the specific findings and conclusions set forth hereinabove; and

2. Plaintiff Theodore B. Gould shall appear January 13, 1987 for deposition *duces tecum* as provided in the Notice of Taking Deposition served December 3, 1986.

DONE and ORDERED in Chambers at Miami, Dade County, Florida this 7th day of January, 1987.