526 So.2d 980 (1988)
Ervin A. HIGGS, As Property Appraiser for Monroe County, Petitioner,
v.
KAMPGROUNDS OF AMERICA, a Montana Corporation, Respondent.
No. 87-3098.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 13, 1988.
Culverhouse & Dent and Beth E. Antrim-Berger and John C. Dent, Jr., Sarasota, for petitioner.
Barrett & Rogers and John R. Barrett and William L. Rogers, for respondent.
*981 Robert A. Butterworth, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., for The Department of Revenue as amicus curiae.
Ruden, Barnett, McClosky, Smith, Schuster & Russell and John H. Pelzer, Ft. Lauderdale, for Pier House Joint Venture as amicus curiae.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Petitioner, Ervin Higgs, as Property Appraiser of Monroe County, seeks certiorari review of an order requiring him to answer interrogatories which he contends would result in disclosure of confidential taxpayer information. Respondent, Kampgrounds of America (KOA), served the interrogatories in connection with an action filed against petitioner contesting the assessment and valuation placed on respondent's Fiesta Key Resort.
Petitioner relies on sections 193.074 and 195.027(3), Florida Statutes (1987),[1] which provide that all returns and records produced by taxpayers shall be deemed to be confidential. Petitioner submits that the information KOA seeks was provided by taxpayers under the assurance that the information would be kept confidential and not made available to competitors. Petitioner argues that the trial court, in issuing its order, neither considered the taxpayers' interests nor required that KOA establish a reason for requesting the information. Respondent also relies on sections 193.074 and 195.027(3), pointing to the exception within the statutes which allows disclosure of confidential information upon court order. We find merit in petitioner's objections.
Confidential information is generally not disclosed merely by seeking a court order. Courts, when confronted with discovery questions, especially those involving confidential information, decide the questions by balancing the competing interests to be served by granting or denying the discovery. Rasmussen v. South Fla. Blood Serv., 500 So.2d 533, 535 (Fla. 1987); North Miami General Hosp. v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla. 3d DCA 1981); Dade County Medical Ass'n v. Hlis, 372 So.2d 117 (Fla. 3d DCA 1979). Thus, the party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information.
The financial records of taxpayers have been found to be confidential in nature, Fryd Constr. Corp. v. Freeman, 191 So.2d 487 (Fla. 3d DCA 1966), and should not be disclosed without a showing of necessity. Undeniably, a taxpayer, under the rules of discovery, would be able to discover data in the hands of the property appraiser, Bystrom v. Whitman, 488 So.2d 520 (Fla. 1986), but before the information is disclosed, the taxpayer is required to demonstrate that the information is necessary to determine the contested issue. "Access to a taxpayer's records shall be provided only in those instances in which it is determined that such records are necessary to determine either the classification or the value of the taxable nonhomestead property." § 195.027(3), Fla. Stat. (1987).
In the instant case we find respondent has not demonstrated a convincing need for the confidential information it requests, sufficient to tilt the balance of interests in favor of disclosure. We quash the order under review, finding the trial court abused its discretion and departed from the essential requirements of law. In quashing the order, we do so without prejudice *982 to allowing respondent the opportunity to serve other interrogatories, provided a proper showing is made that such are needed. The cause is remanded for further proceedings not inconsistent with this opinion.
Certiorari granted.
NOTES
[1] Section 193.074 in pertinent part provides:

"All returns of property ... submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, the clerk of the circuit court, the department, the tax collector, and the Auditor General, except upon court order... ."
Section 195.027(3) likewise provides in pertinent part:
"All records produced by the taxpayer under this subsection shall be deemed to be confidential in the hands of the property appraiser, the department, the tax collector, and the Auditor General and shall not be divulged to any person, firm, or corporation, except upon court order... ."