Mr. Robert Jackson Attorney for Property Appraiser of Indian River County 2165 15th Avenue Vero Beach, Florida 32960
Dear Mr. Jackson:
You have asked substantially the following question on behalf of the Property Appraiser for Indian River County:
 What records maintained by the county property appraiser are considered to be public records subject to disclosure?
In sum, I am of the opinion that:
 All records made or received by the county property appraiser pursuant to law or in connection with the transaction of official business are public records and are subject to disclosure to any member of the public unless made confidential or exempted from disclosure by state statute.
Section 119.01, F.S., states that "[i]t is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person." Pursuant to s. 119.07(1), F.S., "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee."[1]
Only those records which are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of Ch. 119, F.S.[2] As The Supreme Court of Florida stated in Wait v. Florida Power Light Co.,[3] only "those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result" of judicial decision or declaration of public policy are exempt from the disclosure provisions of s. 119.07, F.S. Every public record is, therefore, subject to the examination and copying provisions of s. 119.07(1), F.S., unless a specific statutory provision can be pointed to which exempts those records from disclosure.[4]
The legislative scheme of the Public Records Law has preempted any local regulation of this subject.[5] An "agency," under Ch.119, F.S., such as the office of the county property appraiser,[6]
has no discretion to alter the terms of Ch. 119, F.S.
The term "public records" is broadly defined.[7] All documents, papers, or material, regardless of their physical form or characteristics, received by a public agency in connection with the transaction of its official business or pursuant to law, are public records.
Accordingly, all records or documents received by the property appraiser in connection with transaction of official business are public records. Absent a specific statutory provision exempting the records from disclosure or providing for their confidentiality, such records must be made available for inspection and copying.
The Florida Legislature, however, has enacted a number of exemptions for a wide variety of tax information collected by the state.[8] A property appraiser, therefore, must determine whether the information contained in the public records has been exempted by statute. If a public record contains information which is exempt from disclosure, the custodian of that document is under a duty to delete or excise that portion of the record for which an exemption exists and to produce the remainder of the record for examination and inspection.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Wait v. Florida Power Light Co., 372 So.2d 420, 425
(Fla. 1979), stating:
 It is clear to us that this statutory phrase [at reasonable times, under reasonable conditions, and under the supervision by the custodian of the records or his designee] refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them [the records] from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
[2] Section 119.07(3)(a), F.S.
[3] 372 So.2d 420, 424 (Fla. 1979).
[4] See also, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980); Forsberg v. The Housing Authority of the City of Miami Beach, 455 So.2d 373
(Fla. 1984).
[5] See, Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company,105 S.Ct. 2315 (1985); AGO 75-50 (Ch. 119, constitutes a preemption of the field of public records and, therefore, this is not a proper subject of attempted regulation).
[6] See, s. 119.011(2), F.S., defining "Agency" for purposes of Ch. 119, F.S., to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[7] See, s. 119.011(1), F.S., which defines "Public records" for purposes of Ch. 119, F.S., to include "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
[8] See, e.g., s. 195.027(3), F.S. (1988 Supp.), and Rule12D-1.005, F.A.C., implementing the statute, which authorize the property appraiser, Department of Revenue and the Auditor General to obtain access to, where necessary, the financial records relating to nonhomestead property when such records are required to make a determination of the classification or value of the taxable property. These records produced by the taxpayer are confidential and may not be divulged to any person or corporation except as provided therein. And see, s. 193.074, F.S., which provides in part that all returns of property submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, clerk of the circuit court, Department of Revenue, the tax collector, and the Auditor General, except upon court order. See also, Higgs v. Kampgrounds of America, 526 So.2d 980 (3 D.C.A.Fla., 1988) (the financial records of taxpayers have been found to be confidential in nature and should not be disclosed without a showing of necessity). Cf.,196.101(4)(b), F.S., which specifically exempts records of gross income produced by taxpayer claiming exemption for totally and permanently disabled persons from disclosure.
[9] See, 119.07(2)(a), F.S. The statute further provides that if the person who has custody of the public record contends that the record or part of it is exempt from inspection,
 he shall state the basis of the exemption which he contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute, and, if requested by the person seeking the right under this subsection to inspect, examine, or copy the record, he shall state in writing and with particularity the reasons for his conclusion that the record is exempt.
And see, AGO 84-81.