ON DENIAL OF MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC
GUNTHER, Judge.
Appellants’ motions for rehearing and rehearing en banc are denied. However, we withdraw the opinion issued April 12, 1989, and issue the following revised opinion:
This is an appeal by William Markham, Broward County Property Appraiser, from a final judgment entered in favor of the plaintiffs, Security Management Corp., a Maryland corporation authorized to do business in Florida, and Victor Posner, Gail P. Cohen and Steven Posner, as Trustees under Irrevocable Trust Agreement for Victor Posner (Trust No. 20), dated September 25, 1967, as amended. The plaintiffs, property owners, brought an action against the appraiser to contest the tax assessment of real property as of January 1, 1984. Although the instant case involves an assessment for 1984 rather than 1983, it involves the same parties and essentially the same issues which were addressed in Security Management Corp. v. Markham, 516 So.2d 959 (Fla. 4th DCA), rev. denied, 518 So.2d 1276 (Fla.1987), the opinion involving the 1983 assessment of this property. However, we now address an additional issue which was raised but not resolved in the previous case.
In the instant case, Markham, the property appraiser, argues that the property owners failed to show that the 1984 assessment exceeded the just or fair market value of the property. According to the appraiser, Bystrom v. Whitman, 488 So.2d 520 (Fla.1986), holds that a property owner contesting a tax assessment must allege and prove that the amount of the assessment exceeded the just or fair market value of the property. The appraiser relies on the following language which is instructive, but is not the precise holding of Bystrom:
We begin our analysis by noting the general proposition that the core issue in any action challenging a tax assessment is the amount of the assessment, not the *1149 methodology utilized in arriving at the valuation. Homer v. Connecticut General Life Insurance Co., 213 So.2d 490 (Fla. 3d DCA 1968). An appraiser may reach a correct result for the wrong reason. City National Bank v. Blake, 257 So.2d 264 (Fla. 3d DCA 1972). Indeed, a taxpayer must carry a heavy burden in order to successfully challenge a presumption of validity and, in order to prevail, the taxpayer must present proof that excludes every hypothesis of a legal assessment. Blake v. Xerox Corp., 447 So.2d 1348 (Fla.1984); Straughn v. Tuck, 354 So.2d 368 (Fla.1977); Powell v. Kelly, 223 So.2d 305 (Fla.1969).
In the instant case, even though the property owners did not allege per se that the amount of the assessment exceeded the fair market value of the property, they did challenge the amount of the assessment by demonstrating that the appraiser’s method of valuation precluded him from reaching the correct result. They proved that the methodology used in arriving at the valuation of the property was illegal because the appraiser failed to properly apply the factors set forth in section 193.011, Florida Statutes (1983). The property owners showed that the amount of the assessment was derived by valuing the property based on a 1,500 unit density. As in 1983, there is no record support for utilizing this figure in the valuation of the property because the existing zoning permits only twenty-five units per acre, or 236 units, not 1,500. Since the assessment was based on a 1,500 unit density instead of twenty-five units per acre, regardless of the method employed, the amount of the assessment would exceed the just or fair market value of the property. Consequently, the property appraiser, in computing the 1984 assessment, committed the same error as he had in reaching the 1983 assessment by basing the valuation on a 1,500 unit density.
Thus, by demonstrating that the appraiser simply could not have reached a correct result, the property owners implicitly challenged the amount of the assessment. Accordingly, we conclude the trial court did not err in failing to dismiss the property owners’ suit. As to all other issues, we affirm on the authority of Security Management Corp. v. Markham, 516 So.2d 959 (Fla. 4th DCA), rev. denied, 518 So.2d 1276 (Fla.1987).
AFFIRMED.
DELL and STONE, JJ., concur.