GOSHORN, Chief Judge.
Aetna Life Insurance Company (Aetna) appeals the final judgment in favor of Ford Hausman, property appraiser for Orange County, arguing that the trial court committed reversible error by denying Aetna’s motion to compel production of certain documents. We agree and reverse.
Aetna owns a three-story multi-tenant office building located in the Maitland Center Office Park. The structure was built in 1981 and is one of 31 buildings in the office park. Using the income approach to value the building, Hausman assessed the building in 1989 at $10,206,276 for ad valorem tax purposes. Aetna filed an administrative protest with the property appraisal adjustment board and lost. Aetna then filed suit in the circuit court pursuant to sec *224 tions 194.171 and 194.181, Florida Statutes (1989).
At the non-jury trial Emmett Taylor, supervisor of the review section in the commercial department of the property appraiser’s office, testified that every year the appraiser mails surveys to building owners asking for information regarding rental rates, income, and expenses. Fifteen surveys were returned from the Mait-land park. The survey did not ask for the age of the leases, nor did it ask for the amounts that the landlords spent for tenant improvements, both of which affect value.
Taylor entered the information from the surveys into a computer and determined the market rental value of all 31 buildings in Maitland Center Office Park, including Aetna’s, was $15 per square foot. However, he admitted that some of the buildings are eight or nine years older than others, some have lake front views, some are visible from the highway, and some are constructed of polished granite and have atriums while others, such as Aetna’s, are built of precast concrete. He did not recall doing anything to examine why Aetna’s building actually rented for $3.45 per square foot less than the computer valued it.
Michael McElveen, Aetna’s appraisal’s expert, testified he independently obtained rent information from 13 buildings in Mait-land Center and determined market rent for buildings comparable to Aetna’s. He reviewed 35 leases and one lease proposal to determine the base rent for comparable buildings ranged from $15.10 to $17.91 per square foot, but those figures were to be discounted an average of 24% due to rent concessions, resulting in an effective rent of $12.40 per square foot. He concluded that under the income approach, as used by Hausman, the property had a value of $7.2 million in 1989. The trial court found Aet-na had failed to meet its burden of proof to overturn the assessment and entered judgment in favor of Hausman.
Pretrial, Hausman admitted in his answers to interrogatories that he valued the building at $15 per square foot based on the 15 responses to the income and expense surveys he received. Aetna unsuccessfully moved to compel production of the surveys on the ground that they were necessary to demonstrate Hausman’s appraisal was invalid. Aetna argued that it was not seeking the survey information to perform its appraisal, but rather needed it to overcome the presumption of correctness accorded the appraiser’s value. Aetna agreed the information could be disclosed in chambers, sealed and never be made public.
The court reviewed the survey information in camera and considered section 195.-027(3), Florida Statutes (1989), which provides in pertinent part:
[A]ll records produced by the taxpayer under this subsection shall be deemed to be confidential in the hands of the property appraiser ... and shall not be divulged to any person, firm, or corporation, except upon court order....
The court found Aetna failed to show its need to examine the documents outweighed the interests of the other taxpayers in having the documents kept confidential.[1]
In determining whether confidential information should be subject to discovery, the court must balance the competing interests to be served by granting or denying the discovery. Rasmussen v. South Florida Blood Services, Inc., 500 So.2d 533 (Fla.1987); Higgs v. Kampgrounds of America, 526 So.2d 980 (Fla. 3d DCA 1988) (holding that before the property appraiser can be required to disclose confidential data, the taxpayer must demonstrate the information is necessary to determine the contested issue). In Bystrom v. Whitman, 488 So.2d 520 (Fla.1986) the taxpayers challenged the appraiser’s capitalization rate. In making their challenge, they refused to disclose their actual income data, but agreed to stipulate to a hypothetical net income. They argued that because all they were challenging was the capitalization *225 rate, not the hypothesized net income figure, they should not be required to reveal their actual income. The supreme court disagreed:
[T]he taxpayers wish to challenge the assessment while preventing the appraiser from obtaining the information needed to defend the assessment. Such a result would be fundamentally unjust.
* * * * * *
Because a taxpayer must prove no legal hypothesis could support the assessment, a property appraiser should have the right to defend the assessment by reexamining any potentially erroneous element in the valuation formula. Such a result appears particularly compelling in the case at bar because the taxpayers’ own intransigence forced the appraiser to assign a hypothetical figure as net income. The taxpayers basically asked us to reward their lack of cooperation, something we decline to do.
Id. at 522. Here, the relationship is reversed. It is the appraiser who seeks to rely on information to uphold his assessment and yet prevent the taxpayer from obtaining the information which is necessary to establish the appraiser’s assessed value was invalid.
To overcome the presumption of correctness afforded the appraiser, Aetna had to show either that the assessment was not lawfully performed or that it was not supported by a reasonable hypothesis of legality. Straughn v. Tuck, 354 So.2d 368 (Fla.1978). Either way, “the core issue in any action challenging a tax assessment is the amount of the assessment, not the methodology utilized in arriving at the valuation.” Bystrom, 488 So.2d at 521. Accordingly, Aetna had the burden of establishing that the rental rate, which was an integral factor in the equation determining the amount of the assessment, was incorrect. The appraiser used data that was inconsistent with the uncontraverted proof of the lower actual rental rate received by Aetna. Clearly the confidential information which was utilized by the appraiser in establishing the fair market rental rate was crucial information and necessary to determine the contested issue. We hold that the trial court committed reversible error by denying Aetna’s motion to produce.
Because our decision on this point is dis-positive, we do not address Aetna’s remaining issues on appeal.
REVERSED and REMANDED.
COBB, J., and RICHARDSON, E.J., Associate Judge, concur.

. Hausman testified at trial that the confidential survey information "was superior to anything you could ever get.”