MONACO, J.
This case of first impression compels us to consider what the innocent looking phrase, “placed on the tax roll,” means with respect to the ten per cent cap on increases in the assessment of continuously owned non-homestead residential real property that previously enjoyed the status of homestead property. The phrase is found in section 193.1554(3), Florida Statutes (2010). The trial court concluded that the phrase meant that the homestead value of continuously owned residential property remained in place even after the property no longer bore a homestead classification, and that the assessment on the property could not be increased by more than the ten per cent limit found in section 193.1554(3). The appellants, Orange County Property Appraiser and Orange County Tax Collector, appeal the final judgment finding that the 2009 assessed value of the residential property owned by the appellees, Bernard D. Sommers and Arlene P. Sommers, was incorrect. We conclude that the trial court misinterpreted the statute and reverse.
The facts are neither complicated, nor contested. Mr. and Mrs. Sommers owned a home in Maitland, Florida, from 1960 to 2010. They continuously resided in that house from the date of purchase until they moved to a different residence in November 2008. Although they were not living in the home, they still owned it until January 2010, at which time they sold it. It is uncontested that the house was not homestead from the day Mr. and Mrs. Sommers moved out in 2008, to the day it was sold in 2010.
In 2008, the property enjoyed the homestead exemption because it was the Som-mers’ residence on January 1st of that year. The Property Appraiser assessed the home in 2008 in compliance with the “Save Our Homes” assessment cap contained in Article VII, Subsection 4(d) of the Florida Constitution, and implemented in section 193.155(1), Florida Statutes (2010). The assessment cap on the Som-mers’ property, assessed as homestead, was three per cent. After applying the homestead exemption with the Save Our Homes cap, the Property Appraiser assessed the taxable value of the Sommers’ home for that year at $134,060.
In 2009, because Mr. and Mrs. Sommers no longer lived in the home, the property became a “nonhomestead residential” property for ad valorem tax purposes. The Property Appraiser assessed the Som-mers’ home as of January 1, 2009, using the just value or fair market value standard, at $279,955. Compared to the taxable value of the homestead in 2008 of $134,060, the assessment in 2009, was an *1279 increase in the taxable value of the home of $145,895, or 108.1%.
Mr. and Mrs. Sommers disputed the 2009 assessment and filed a petition with the Orange County Value Adjustment Board (“VAB”), seeking relief. They paid their taxes in full, but under protest. At the VAB hearing before a special magistrate, the Sommers argued that because the Property Appraiser had increased the assessment of their now non-homestead residential property by an amount in excess of ten per cent of the previous-year assessment, the Appraiser had violated the ten per cent cap imposed on assessment increases for that classification of property under newly adopted Subsection 4(g) of Article VII of the Florida Constitution and section 193.1554, Florida Statutes. The Property Appraiser countered that he properly assessed the Sommers’ nonhome-stead residential property at its just value for 2009 and that only in 2010 would the Sommers’ property be subject to the ten per cent cap on assessment increases pursuant to section 198.1554.
The special magistrate recommended that the Sommers’ petition be denied and that the 2009 assessment be upheld. The VAB thereafter approved the recommendation. Mr. and Mrs. Sommers commenced the underlying action in the circuit court to appeal the decision of the VAB. Eventually, however, the trial court granted the motion of the Sommerses for summary judgment, holding that the ten per cent cap on an increase of an assessment of nonhomestead residential property set forth in subsection 4 of Article VII of the state constitution and section 193.1554(3), Florida Statutes, applied to the Sommers’ property for 2009. This timely appeal followed.
The section of the Florida Constitution governing the valuation of real property for ad valorem tax purposes and a number of statutes concerning the same matter must be spread upon the table in order to understand the arguments of the parties. We begin with the constitution.
The Florida Constitution mandates the just valuation of all property for ad valo-rem tax purposes. Art. VII, § 4, Fla. Const.; Bystrom v. Whitman, 488 So.2d 520, 521 (Fla.1986). General law provides, concomitantly, that all real property shall be assessed according to its just value on January 1 of each year. See § 192.042(1), Fla. Stat. Homestead property is treated somewhat differently in that it is benefit-ted by a number of tax breaks after it is justly valued. See, e.g., § 196.031, Fla. Stat. (2010). In the event of a termination of homestead status, however, real property must be assessed as provided by general law. Art. VII, § 4(d)((6).
Article VII, Section 4(g), of the Florida Constitution considers the subject of non-homestead residential property. It provides:
(g) For all levies other than school district levies, assessments of residential real property, as defined by general law, which contains nine units or fewer and which is not subject to the assessment limitations set forth in subsections (a) through (d) [including the homestead exemption] shall change only as provided in this subsection.
(1) Assessments subject to this subsection shall be changed annually on the date of assessment provided by law; but those changes in assessments shall not exceed ten percent (10%) of the assessment for the prior year.
We have added emphasis to certain provisions of this passage because it is informative with regard to the codification by the legislature of its requirements. Section 4(g) essentially defines nonhome-stead residential property as being resi *1280 dential real property of less than nine units which is not accorded homestead treatment for real property tax purposes. That is to say, in order to be classified as nonhomestead residential property and to receive the benefit of the ten per cent tax increase limitation, a parcel of real estate cannot at the same time be subject to the homestead exemption.
Section 193.1554, Florida Statutes, which implements these constitutional requirements, provides in pertinent part:
(1) As used in this section, the term “nonhomestead residential property” means residential real property that contains nine or fewer dwelling units, including vacant property zoned and platted for residential use, and that does not receive the exemption under s. 196.031 (the homestead exemption).
(2) For all levies other than school district levies, nonhomestead residential property shall be assessed at just value as of January 1, 2008. Property placed on the tax roll after January 1, 2008, shall be assessed at just value as of January 1 of the year in which the property is placed on the tax roll.
(3) Beginning in 2009, or the year following the year the property is placed on the tax roll, whichever is later, the property shall be reassessed annually on January 1. Any change resulting from such reassessment may not exceed 10 percent of the assessed value of the property for the prior year.
(4) If the assessed value of the property as calculated under subsection (3) exceeds the just value, the assessed value of the property shall be lowered to the just value of the property.
(Emphasis added).
In accordance with the constitution, the statute also underscores that nonhome-stead residential real property is a parcel that has nine or fewer units and which does not already enjoy a homestead exemption. Thus, if a property is homestead property, it cannot by definition also enjoy the ten per cent limitation for nonhome-stead property. The conflict in the present case, however, stems from the words “placed on the tax roll” found in subsection (3). It says that nonhomestead residential property is subject to the ten per cent increase limitation beginning in the “year following the year the property is placed on the tax roll.”
More specifically, the issue before us is whether the ten per cent cap applies to residential property that changes its classification from homestead to nonhome-stead, but does not change ownership. Orange County argues that Mr. and Mrs. Sommers cannot enjoy the Save Our Homes cap on their property once it was no longer their homestead. Thus, according to Orange County, once the house became a non-homestead property, the assessor was required to assess the house at its just or fair market value. Only in subsequent years would it be the beneficiary of the ten per cent cap. Otherwise, the property which is currently not entitled to the Save Our Homes discount, would inherently benefit from that discount if the 2008 homestead value of the house was utilized as the base value, so long as it continued to be owned by Mr. and Mrs. Sommers.
The Sommerses argue to the contrary that section 193.1554(3), Florida Statutes, which governs non-homestead residential property, does not allow an assessment that exceeds ten per cent of the assessed value for the property for the prior year. They insist that their house has been on the tax roll since 1960, albeit as a homestead property, and that the simple change in the classification of the property does not put it on the tax roll anew. That is, the Sommers say their property was *1281 “placed on the tax roll” in 1960, not in 2008.
While we certainly understand the position adopted by Mr. and Mrs. Sommers, we conclude that the legislature did not intend a single piece of residential property to be entitled to both the homestead exemption and tax cap and the ten per cent non-homestead tax cap at the same time. Article VII, Section 4(g) and section 198.1554(2) simply do not contemplate a single parcel receiving the benefit of both exemptions at the same time. The appellants are, therefore, correct that once the property changes classification from homestead to nonhomestead, it must then be revalued at its fair market value for ad valorem tax purposes before it can receive the benefit of the ten percent limitation in future tax years.
The architecture of the ad valorem tax structure within Florida confirms this conclusion. When real property first becomes classified as homestead, it is “assessed at just value as of January 1st of the year following the establishment of the homestead ...” See Art. VII, § 4(d)(4), Fla. Const. Analogously, when lands classified as agricultural are diverted to nonagricul-tural use, or are no longer used for agriculture, or are rezoned to a nonagrieultural use at the request of the owner, those lands must also be reclassified and reassessed at just value accordingly. See § 193.461(4)(a), Fla. Stat. (2010). In similar fashion, nonhomestead residential property is also required to be assessed at just value on January 1st of the year following a change of ownership or control. See § 193.1554(5), Fla. Stat. (2010). The pattern is clear.
Finally, we note that the 2012 Florida Legislature adopted legislation intended, in part, to clarify the current issue. CS/HB 7097 would amend section 193.1553(2) to read as follows:
(2) For all levies other than school district levies, nonresidential real property and residential real property that is not assessed under s. 193.155 or s. 193.1554 shall be assessed at just value as of January 1 of the year that the property becomes eligible for assessment pursuant to this section.
The House of Representatives Final Bill Analysis for CA/HB 7097 contains the following passage:
The bill also ... clarifies that certain nonhomestead property is to be assessed at just value when it is subject to a new assessment limitation.
Later, after discussing the unfortunate use of the term “placed on the tax roll,” the analysis repeats that:
The bill amends ss. 193.1554, F.S., and 193.1555, F.S., to clarify that property is to be assessed at just valuation when it is subject to a new limitation.
We accept this statutory modification and bill analysis as persuasive in assessing the intention of the legislature in its adoption of the subject statutes. It appears to confirm our independent analysis of the meaning of the terms and the intention of the legislature.
Accordingly, the judgment is reversed and remanded for action consistent with this opinion.
REVERSED and REMANDED.
LAWSON and EVANDER, JJ., concur.