192 So.2d 307 (1966)
Robert S. BLASI, Appellant,
v.
STATE of Florida, Appellee.
No. 775.
District Court of Appeal of Florida. Fourth District.
December 1, 1966.
Rehearing Denied December 20, 1966.
Myron M. Stevens, of Wolfman & Stevens, Merritt Island, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
*308 WALDEN, Judge.
Petitioner, Robert S. Blasi, appeals from an order denying his petition for a writ of habeas corpus.
Petitioner was in custody by virtue of a rendition warrant signed by the Governor of Florida in response to a demand warrant issued by the Governor of Massachusetts. Petitioner challenges the sufficiency of the extradition papers, and this constitutes the appellate issue.
Provision for extradition is found in Chapter 941, F.S.A., entitled "Uniform Interstate Extradition." In order for a person to be extradited from one state to another there must be a written demand made by the initiating state upon the state wherein the person sought to be extradited is located. The formal requirements as to the content of this demand are provided in F.S.A. § 941.03[1]. Paraphrasing the pertinent portions, we notice that no such demand shall be recognized by the Governor of Florida unless it is accompanied by either 1) a copy of the indictment, or a copy of the information, or 2) a copy of the warrant, or 3) by a copy of a judgment of conviction or of a sentence imposed in execution thereof; together with a statement that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.
The demand in the instant case recited that petitioner was charged with the crime of breaking and entering a dwelling and larceny in Massachusetts. Accompanying the demand were certain documents, all of which were duly authenticated. In line with the first mentioned statutory alternative there was an indictment. It was endorsed to show that petitioner had pleaded guilty to the charge and been sentenced to a term of two and one-half years, with sentence suspended for two years and with a two year probationary period. Thereafter, petitioner's sentence was suspended for six years, with a six year probationary period. It is then informally reflected that petitioner defaulted with the result that a capias issued. Nowhere included in the demand or accompanying documents was there a copy of a judgment of conviction or of a sentence imposed in execution thereof. Neither was there a statement by the executive authority of the demanding state that the petitioner had escaped from confinement or had broken the terms of his bail, probation or parole. Despite the inconsistency and the omissions, the trial court deemed the documents to be in satisfactory compliance with Chapter 941, F.S.A.
The state defends the trial court decision by arguing that the enumeration of documents found in F.S.A. 941.03, supra, reflect pure alternatives in that the initiating state is entitled simply to select the one or ones they wish to employ regardless of the facts or stage of the prosecution. More exactly, the state suggests that, even though the person demanded has been tried, convicted, and sentenced and has broken his *309 probation, the demanding state qualifies under our statute and is entitled to extradition of the person by only furnishing the indictment upon which conviction was obtained and omitting to attach the judgment, sentence and statement of broken probation.
We are not able to accept the state's reasoning. To do so would be to nullify the explicit statutory alternatives found in F.S.A. § 941.03 and, in effect, to amend its terms so as to say that the demanding state could activate this state's extradition procedure by merely saying in the demand that the person claimed is a fugitive. We are required to believe that the enumeration of the several alternatives found therein has a purpose. We are further required to give effect to each of these provisions, all according to standard rules of statutory construction. 30 Fla.Jur., Statutes, § 112. Thus, we construe F.S.A. § 941.03 to require that those concerned pay heed to its terms to the end that the demanding state must present its demand in a fashion that would accurately and fully reflect the current vehicle whereby and whereunder the demanding state derives its right to claim the extradition of the person sought in accordance with the statutory alternatives furnished. For instance, if the person claimed to have fled were being detained from his liberty in the demanding state solely under the authority of and information, with prosecution not further advanced, then a copy of it should accompany the demand and not otherwise. Likewise, if the person demanded has been tried, convicted and sentenced and had broken the terms of his probation, then the demanding state is required to accompany the demand with a copy of the sentence imposed, together with a statement that the person claimed has broken the terms of his probation, and, in such event, it is not necessary that the demand be accompanied by a copy of the indictment or information under which the person was tried and convicted. In other words, the alternative applicable to a particular case must be selected and used. See Pecnik v. Blackburn, Fla.App. 1961, 132 So.2d 604.
The demand recital that petitioner is charged with a crime is in obvious contradiction to the authenticated data contained in the supporting documents. Illinois, having a like Uniform Criminal Extradition Act, had occasion to consider such contradiction in a remarkably similar case. In People ex rel. Ritholz v. Sain, 1962, 24 Ill.2d 168, 180 N.E.2d 464, 467, the Illinois Supreme Court stated:
"Nor do we believe that the contradiction is a mere technicality. As pointed out in People ex rel. Hackler v. Lohman, 17 Ill.2d 78, 87, 160 N.E.2d 792, the third alternative in section 3 of our Uniform Criminal Extradition Act, viz., that the demand be accompanied by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole, was added to meet situations not necessarily encompassed where the jurisdictional showing is made by indictment or affidavit before a magistrate. And we think the same distinction should appear in the demand. Otherwise, there would be no purpose in delineating separate jurisdictional bases, if the language of a demand that a relator stands charged by complaint and warrant is to be construed as encompassing every situation, which it obviously does not with clarity do. Here, for example, the recital of the demand that relator stood charged with a crime by complaint and warrant on July 21, 1960, requires an implication from the supporting papers, not at all clear, that the crime referred to was the same crime for which the relator had been tried and convicted on August 6, 1956. Had the demand recited the judgment of conviction, as our statute contemplates in such cases, such recital, together with a statement by the executive *310 authority that relator had broken the terms of his bail, would have obviated all need for implication and speculation and permitted the recognition of the demand to rest on certainty."
The court also stated:
"[T]he right of personal liberty the fugitive enjoys under the United States Constitution gives him the right to require in an extradition proceeding that he be substantially and in good faith charged with an offense against the laws of the demanding State, that he be afforded an opportunity to show he is not in fact a fugitive from justice, and that the demand be made in due and proper form. (People ex rel. Leach v. Baldwin, 341 Ill. 604, 174 N.E. 51; 20 I.L.P., Fugitives from Justice, sec. 10.)" Id.
As we reflect on this problem it is our reckoning that the demanding state can, without difficulty or disadvantage, meet the requirements of F.S.A. § 941.03 in the fashion we have discussed. It is our further thought that a contrary view such as here advocated by the state could prejudice the claimed person's right and ability to defend himself in extradition proceedings in showing that he is not a fugitive from justice.
The judgment appealed is reversed.
SMITH, C.J., concurs.
ANDREWS, J., dissents with opinion.
ANDREWS, Judge (dissenting).
I regret that I must dissent from the well reasoned opinion of reversal prepared by Judge WALDEN.
As suggested in the majority opinion, the demanding state can meet the strict requirements of F.S.A. § 941.03. The requirements of the statute are in the alternative and the demanding state has established one of such conditions under which its warrant should be honored. The record shows that the defendant pleaded guilty to the charge, and if he had completed his sentence or for other reasons was not subject to extradition it was his obligation to establish such fact. Under such circumstances I see no justification for requiring the demanding state to retrace its steps in a new proceeding.
I would affirm the judgment.
NOTES
[1] "941.03 Form of demand.  No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under § 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."