447 So.2d 458 (1984)
Terrance M. BRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1633.
District Court of Appeal of Florida, Second District.
March 30, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
This is an appeal from the denial of a petition for writ of habeas corpus, which alleged that defective extradition papers were transmitted from the Governor of *459 New York to the Governor of Florida. Petitioner contends that there was inadequate compliance with section 941.03, Florida Statutes (1981), requiring that a demand for extradition be accompanied by certain documentation. We find various of the grounds for petitioner's contention to be hypertechnical and without merit. See State v. Soto, 423 So.2d 362 (Fla. 1982). But we agree with one of those grounds and therefore reverse.
The documents annexed to the demand from New York included an indictment, an arrest warrant for sentencing, and a certificate of conviction. Under Blasi v. State, 192 So.2d 307 (Fla. 4th DCA 1966), the document submitted with the demand must correspond to the stage in the proceedings to which the case against a defendant had progressed.
[I]f the person demanded has been tried, convicted and sentenced, and had broken the terms of his probation, then the demanding state is required to accompany the demand with a copy of the sentence imposed, together with a statement that the person claimed has broken the terms of his probation, and, in such event, it is not necessary that the demand be accompanied by a copy of the indictment or information under which the person was tried and convicted. In other words, the alternative applicable to a particular case must be selected and used.
Id. at 309.
Since the record indicates that the extradition proceedings here occurred after the petitioner had been tried, convicted, and sentenced, an authenticated "copy of a judgment of conviction or of a sentence imposed in execution thereof" must be provided. § 941.03, Fla. Stat. (1981).
In the case at bar, no such copy was provided. Instead, there was a certificate of conviction signed by the clerk of the New York court. However much one may rationalize that the clerk of a court is capable of writing a conclusion of what happened in his court, the fact remains that this certificate is only that  a conclusion. We are not entitled to ignore the statutory requirement in issue by characterizing it as hypertechnical. If the legislature intended that something less than the document representing the official court action of conviction or sentence would be sufficient and that the risk, however small, of a mistake in someone's conclusion as to the effect of that court action was acceptable, we must presume section 941.03 would have said so. The law commonly requires actual documents, as opposed to conclusory statements concerning those documents, and we see no justification for requiring less in an extradition proceeding involving the deprivation of liberty when the statutory requirement is explicit. Therefore the documents are insufficient to comply with the statute.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
SCHEB, A.C.J., and SCHOONOVER, J., concur.