456 So.2d 968 (1984)
Emmanuel H. SHAPIRO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-249.
District Court of Appeal of Florida, Second District.
October 5, 1984.
*969 Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Emmanuel H. Shapiro, appeals the trial court's order denying his petition for habeas corpus. We affirm. In doing so, we find it necessary to discuss only appellant's first point on appeal. In that point, he questioned:
WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS ON THE GROUNDS THAT THE EXTRADITION PAPERS FROM TEXAS WERE DEFECTIVE INASMUCH AS THEY FAILED TO INCLUDE A PROPER SUPPORTING AFFIDAVIT TO THE WARRANT AS REQUIRED BY SECTION 941.03, FLORIDA STATUTES?
Appellant was arrested in Florida on the basis of extradition documents filed with the State of Florida by the State of Texas as the extraditing state. Among the documents submitted by Texas was a copy of the indictment upon which appellant was charged with the felony offense of passing a forged document. In addition to the indictment, there was also included the capias that had been issued by the clerk of the court following the presentment of the indictment. Both the indictment and capias were duly authenticated by the clerk of the court in Texas from which they were issued.
Appellant argues that there was submitted in the extradition documents, in addition to the indictment, a warrant that was not sufficient to comply with section 941.03, Florida Statutes (1983), because it was not authenticated by a committing magistrate. He argues that since a warrant had been issued, it must be selected as the supporting document for extradition and must be supported by an affidavit before a committing magistrate. In support of his argument, he cites to us Britton v. State, 447 So.2d 458 (Fla. 2d DCA 1984), and Blasi v. State, 192 So.2d 307 (Fla. 4th DCA 1966). His reliance on Britton and Blasi is based on the principle cited in those cases that there must be submitted for the purpose of extradition, under section 941.03, those documents which correspond to the stage in the proceedings to which the case against a defendant has progressed. While the principle stated in Britton and Blasi is correct, as applied to proceedings which supplant prior proceedings, appellant's reliance upon that principle here is misplaced.
It has been held by Britton and Blasi, in support of the relied upon principle, that the most current of the three alternatives provided in section 941.03 must be selected by the extraditing state to submit in support of extradition. It is unfortunate that by the order of placement of the alternatives in section 941.03, it appears that the issuance of a warrant is a more current alternative than an indictment or information when it is not necessarily so, nor does either necessarily supplant the other.
First of all, in the case before us, the documents submitted were an indictment *970 and a capias. A capias and a warrant, particularly as is contemplated by section 941.03, are not the same documents. The warrant, to be supported by affidavit of a committing magistrate as contemplated by section 941.03, is the warrant that issues upon probable cause for the arrest of an individual prior to an indictment or information. Such a warrant is issued by a committing magistrate upon a showing of probable cause, and thus arises the requirement in section 941.03, that a copy of such a warrant used for extradition purposes, must be supported by an affidavit made before a committing magistrate. While an indictment or information may at times supersede such a warrant, such is not necessarily so.
On the other hand, a capias is issued after an indictment or information has been returned, and does not replace or supplant the indictment or information. A capias is normally issued by the clerk of a court from which the indictment or information is returned, and requires no further probable cause than the indictment or information itself. Cf., Fla.R.Crim.P. 3.131(j).
Where there is both a warrant and an indictment or information that charges the same crime against the same person and in practically the same language, they may be used interchangeably in support of extradition. In that situation, the indictment or information does not deprive the affidavit, or its resulting warrant, of its efficacy and is but a continuation of the prosecution begun by the affidavit and issuance of the warrant. Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629 (1934); Shufty v. State, 419 So.2d 1171 (Fla. 2d DCA 1982). It must be pointed out that interstate extradition is essentially a federal matter and state legislation may not conflict with or require more than the Federal Act, 18 U.S.C.A., section 3182, governing extradition. State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974); Application of Evans, 512 S.W.2d 238 (Mo. App. 1974). See also, Bruzaud v. Matthews, 207 F.2d 25 (C.A.D.C. 1953).
In Britton and Blasi, there had not only been an indictment or information, but there had been a judgment and sentence which clearly supplants the indictment or information as the vehicle upon which custody may be sought.
In this case, the indictment and capias were both authenticated by affidavit of the clerk of the court from which they were issued. There was no warrant as contemplated by section 941.03. We therefore determine the extradition documents to be in order and affirm.
OTT, A.C.J., and DANAHY, J., concur.