SCHEB, Judge.
Appellant Charles Henry appeals from the trial court’s denial of his petition for a writ of habeas corpus.
Henry was taken into custody on July 1, 1985 on a charge that he was a fugitive from justice in the state of New York. The Governor of New York sought to extradite him for violation of his parole. The demand for extradition was supported by authenticated copies of an indictment and endorsement sheet and a certificate of release to parole supervision. The supporting documents did not include a copy of a judgment of conviction or sentence. On September 17, 1985, the Governor of Florida signed a rendition warrant directing that Henry be surrendered to New York authorities. Henry filed a petition for writ of habeas corpus contending the New York warrant and supporting documents failed to comply with Florida law. The trial judge denied his petition and this appeal ensued.
Where, as here, a person has been tried, convicted and sentenced, a demand for extradition must be supported by a “copy of a judgment of conviction or of a sentence imposed in execution thereof.” § 941.03, Fla.Stat. (1985). Since the documents accompanying the demand for extradition of Henry did not comply with the statutory requirements, the trial court erred in denying his petition for a writ of habeas corpus. See Britton v. State, 447 So.2d 458 (Fla. 2d DCA 1984).[1]
*833 The state argues that documentation to support a demand for extradition is not necessary in the case of an absconding parolee where, as here, the parolee executed a waiver of his right to resist extradition as a condition of his release on parole. This issue was not raised below, hence we do not reach the contention here.
Accordingly, we reverse the trial court’s order without prejudice to the state producing the necessary documents required to support the demand for extradition or presenting the waiver issue for consideration by the trial court.
DANAHY, C.J., and GRIMES, J., concur.

. The state contends that our decision in Britton is incorrect in holding that a certificate of conviction signed by the clerk of a New York court does not comply with the requirement of sec *833 tion 941.03. The case before us furnishes no occasion to revisit that requirement in Britton because, in this instance, New York did not even include a certificate of conviction signed by the clerk.