PER CURIAM.
The State appeals from an order granting William Luster’s Petition for Writ of Habeas Corpus. We affirm.
Based upon a rendition warrant executed by the Governor of Florida, William Luster was arrested in Dade County as a fugitive from the state of California. Luster is alleged to have violated his parole from a sentence and conviction for assault with a firearm. The extradition documents from California were accompanied by an “Abstract of Judgment,” a document prepared and executed by the Clerk of the Superior Court of Los Angeles County.
Luster petitioned for a writ of habeas corpus, alleging that the California extradition documents failed to meet the requirements of the Florida extradition statute, section 941.03, Florida Statutes (1989). The trial court correctly granted the petition.
Section 941.03 requires that the extradition demand be accompanied by “an au *221 thenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, ... or by a copy of a judgment of conviction or of a sentence imposed in execution thereof....” (emphasis added). In this case, instead of forwarding an authenticated copy of the judgment of conviction, the California authorities forwarded a clerk’s certificate. A certificate of conviction signed by a clerk of court does not meet the mandate of section 941.03. Britton v. State, 447 So.2d 458 (Fla. 2d DCA 1984).
Accordingly, the order granting the Petition for Writ of Habeas Corpus is
AFFIRMED.
JORGENSON and GODERICH, JJ., concur.