596 So.2d 454 (1992)
STATE of Florida, Petitioner,
v.
William LUSTER, Respondent.
No. 77627.
Supreme Court of Florida.
April 2, 1992.
*455 Janet Reno, State Atty., and Barbra G. Pineiro, Asst. State Atty., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr. and Harvey J. Sepler, Asst. Public Defenders, Miami, for respondent.
KOGAN, Justice.
We have for review Lawrence v. Luster, 575 So.2d 220 (Fla. 3d DCA 1991), in which the district court certified the following question as being of great public importance:
Whether section 941.03, Florida Statutes [(1989)], is satisfied when the judgment or sentence is executed in accordance with the laws of the demanding state although the form required by the demanding state does not meet the Florida requirements for a judgment and sentence?
Id. at 222. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
William Luster, after serving several years in a California prison for assault with a firearm, left California in violation of his parole requirements. He took residence in Florida. A warrant then was issued for his arrest. Based on that warrant, he was arrested in Dade County, Florida, as a fugitive from the State of California. California demanded extradition and supported this claim with an abstract of judgment certified by the clerk of the California court. The Governor of Florida then issued a routine rendition warrant for Luster's arrest.
After his arrest, Luster petitioned for a writ of habeas corpus, arguing that he was unlawfully confined because his extradition documents were not accompanied by a "copy of a judgment of conviction or of a sentence imposed in execution thereof" as required by section 941.03, Florida Statutes (1989).[1] After consideration of extradition requirements under Florida law, the trial court granted the writ, holding that an abstract of judgment is not sufficient to qualify as an official judgment or sentence. The Third District Court of Appeal affirmed and then certified the above question. Luster, 575 So.2d at 222.
The United States Constitution mandates unimpeded interstate extradition of fugitives:
A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.
U.S. Const. art. IV, § 2, cl. 2. Obviously, under the supremacy clause of the federal Constitution, individual states cannot adopt extradition standards inconsistent with the Extradition Clause or federal legislation enacted pursuant to it. See Biddinger v. Commissioner of Police, 245 U.S. 128, 132-133, 38 S.Ct. 41, 42, 62 L.Ed. 193 (1971). The Extradition Clause articulates, "in mandatory language, the concepts of comity and full faith and credit."[2]Michigan *456 v. Doran, 439 U.S. 282, 287-88, 99 S.Ct. 530, 534-35, 58 L.Ed.2d 521 (1978).
Under the relevant law, a governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. A court considering release on habeas corpus can do no more than decide: (1) whether the extradition documents sent by the demanding state are, on their face, in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner has been named in the demand; and (4) whether the petitioner is a fugitive. Id. at 289, 99 S.Ct. at 535. The asylum state is "bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity." Id. at 290, 99 S.Ct. at 536.
We note that the law of California treats the clerk's abstract of judgment as though it were an equivalent of Florida's written order of judgment. As both parties have conceded, there is no requirement that the California judge sign documentation that provides for judgment and sentence. See In re Steiner, 285 P.2d 972 (Cal.Ct.App. 1955). Thus, by adopting the position taken by the court below, we in effect would require California to amend its applicable law and procedure or else be unable to extradite fugitives from Florida.
We believe this would be a clear violation of the spirit and letter of the Full Faith and Credit Clause, the Supremacy Clause, and the Extradition Clause of the federal Constitution. Accordingly, we hold the abstract of judgment is sufficient for extradition purposes. We answer the certified question in the affirmative. The opinion under review is quashed and this cause is remanded to the trial court for further proceedings consistent with the views expressed above.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] The statute states in pertinent part:

No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing ... and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, ... or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand.
§ 941.03, Fla. Stat. (1989).
[2] To facilitate compliance with the federal standards, most states  including Florida and California  have adopted the Uniform Criminal Extradition Act. As a result, the language of the Florida and California statutes are virtually identical.