PER CURIAM.
Glen Edward Rogers, a prisoner under sentence of death, appeals an order of the Circuit Court for Bradford County denying his petition for writ of habeas corpus and ordering his extradition to California. We have jurisdiction. Art. V, § 3(b)(1), (9). We affirm the decision of the circuit court.
Rogers was convicted of first-degree murder by the Circuit Court for Hillsborough County and sentenced to death. Rogers has filed a notice of appeal of his conviction and sentence with this Court, but briefs have not been filed as of the date of this opinion. On July 9, 1997, the State of California indicted Rogers for first-degree murder and arson. In September 1997, the governors of Florida and California reached an executive agreement providing for Rogers’ extradition to California. Under the agreement, Rogers is - to be returned to Florida to serve his sentence after the completion of the California trial. The agreement also provides that “legal counsel representing [Rogers] on the appeal of his Florida convictions and death sentence shall be allowed reasonable access to [Rogers].”
In response to the extradition warrant, Rogers petitioned the circuit court for a writ of habeas corpus. Following a hearing, the court denied the petition and granted extradition. On appeal to this Court, Rogers argues that the circuit court erred because extradition to California during the pendency of the appeal of his first-degree murder conviction and death sentence would violate his constitutional right to effective assistance of counsel.
The Extradition Clause of the United States Constitution provides:
A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.
U.S. Const, art. IV, § 2, cl. 2. The Extradition Clause was intended to provide a summary executive proceeding by which the states could promptly assist one another in bringing a criminal defendant to trial by preventing that person from finding an asylum in one state from the processes of justice of another. Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); Biddinger v. Comm’r of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917). “Its design was and is, in effect, to eliminate, for this purpose, the boundaries of states, so that each may reach out and bring to speedy trial offenders against its laws from any part of the land.” Biddinger, 245 U.S. at 133, 38 S.Ct. 41.
A governor’s grant of extradition is prima facie evidence that constitutional and statutory requirements have been satisfied. Doran, 439 U.S. at 287-89, 99 S.Ct. 530; State v. Luster, 596 So.2d 454, 455-56 (Fla.1992). Following a governor’s grant of extradition, a court considering release on ha-beas corpus may only decide: (1) whether *462 extradition documents sent by the demanding state are, on their face, in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner has been named in the demand; and (4) whether the petitioner is a fugitive. Doran, 439 U.S. at 290, 99 S.Ct. 530; Luster, 596 So.2d at 456. It is well settled that a party contesting extradition through habeas corpus may not raise issues that involve possible constitutional violations by the asylum state. E.g., United States ex rel. Vitiello v. Flood, 374 F.2d 554 (2d Cir.1967); Cobb v. Gilman, 271 Ind. 223, 391 N.E.2d 618 (1979); State ex rel. Sneed v. Long, 871 S.W.2d 148 (Tenn.1994). This rule serves many important purposes: it promotes the constitutional objective of returning persons for criminal trial to the state in which they have been charged; it honors the constitutional theory that extradition is essentially an executive function; it encourages comity between the states; and it conserves scarce judicial resources by narrowing the scope of collateral proceedings. Long, 871 S.W.2d at 152.
Accordingly, for the reasons expressed, we find Rogers’ constitutional claim to be outside the scope of our review. We affirm the trial court’s denial of Rogers’ petition for habeas corpus.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.