734 So.2d 1115 (1999)
Jeffrey RENIEWICZ, a/k/a Jeffrey Wagner, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-00808.
District Court of Appeal of Florida, Second District.
May 7, 1999.
*1116 Michael V. Giordano, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Jeffrey Reniewicz a/k/a Jeffrey Wagner seeks review of the trial court's denial of his petition for a writ of habeas corpus, challenging an arrest based on an extradition warrant. The proper vehicle for review of a trial court's ruling on a petition for habeas corpus in this circumstance is by appeal, and we have treated his petition as an appeal. See Henry v. State, 496 So.2d 832 (Fla. 2d DCA 1986) (reviewing appeal from trial court's denial of habeas petition). The petition served as Reniewicz's initial brief; the State filed a response to the petition; and Reniewicz replied to the State's response.
Reniewicz filed the petition below to test the legality of an arrest on an extradition warrant issued by the Governor pursuant to a demand for extradition by the state of Wisconsin. Because the Wisconsin demand complies with section 941.03, Florida Statutes (1997), we affirm the order denying the petition for a writ of habeas corpus.
Reniewicz also sought review of the trial court's denial of a motion to quash the extradition warrant. His motion to quash addressed the sufficiency of the extradition warrant, as did the habeas petition. Section 941.40 authorizes a defendant to test the legality of an arrest on an extradition warrant by habeas petition. Consequently, the motion to quash was not the appropriate method through which to seek review of the extradition warrant.
Affirmed.
FULMER, A.C.J., and STRINGER and DAVIS, JJ., Concur.