PER CURIAM.
Appellant David A. Sumler appeals a circuit court order denying his Motion for Relief from Order, and holding that appellant has no right to pursue a direct appeal from the court’s previous order denying his petition for writ of habeas corpus. We reverse the circuit court’s order, and remand for further proceedings.
Appellant was originally convicted on one count of aggravated battery with the use of a deadly weapon, and sentenced to twenty-four years in prison. In January 2005, appellant filed a Motion for Writ of Habeas Corpus in the First Judicial Circuit Court for Escambia County. The circuit court denied his motion. Appellant admits he received the order at the jail on February 17, 2005; nonetheless, allegedly for reasons related to his health, appellant neglected to file an appeal within thirty days.
Accordingly, appellant filed a motion for belated appeal in this court. On August 30, 3005, we denied the motion, citing Powell v. Florida Department of Corrections, 727 So.2d 1103 (Fla. 1st DCA 1999) (holding that a motion for belated appeal in a criminal proceeding, pursuant to Florida Rule of Appellate Procedure 9.140(j) (currently Rule 9.141(c)), was inapplicable to an appeal from an order denying a habeas petition, a civil proceeding, and thus denying the motion without prejudice to appellant’s right to file a Motion for Relief from Judgment, pursuant to Rule 1.540(b).). Appellant then filed the instant Motion for Relief from Order in the circuit court, pursuant to Florida Rule of Civil Procedure 1.540(b)(1). On September 22, 2006, the circuit court denied appellant’s motion, noting, “[t]he defendant may not appeal the court’s denial [of his habeas petition] on the merits, but must instead petition the appellate court for a writ of certiorari.”
Appellant argues that the circuit court erred in denying his motion on these grounds, because an order on a petition for writ of habeas corpus is subject to review through a direct appeal. We agree. Appellant’s habeas petition was an original action in the circuit court challenging appellant’s judgment and sentence, rather than an appeal from a quasi-judicial decision of an administrative tribunal. Accordingly, Florida law provides, “[a] final order of the circuit court granting or denying a petition for writ of habeas corpus is reviewable by appeal to the appropriate district court of appeal.” See Philip J. Padovano, Florida Appellate Practice § 28.6 (2002); see also Reniewicz v. State, 734 So.2d 1115, 1116 (Fla. 2d DCA 1999) (“The proper vehicle for review of a trial *1003 court’s ruling on a petition for habeas corpus in this circumstance is by appeal”).
Therefore, we reverse the circuit court’s order denying appellant’s Motion for Relief from Judgment, and remand the ease to the circuit court for further proceedings.
BROWNING, C.J., POLSTON, and HAWKES, JJ., concur.