# Third District Court of Appeal
## State of Florida

Opinion filed September 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1719
Lower Tribunal No. F25-14267
_____

**Francisco Peralta-Mejia,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for respondent.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Petitioner, Francisco Peralta-Mejia, seeks a writ of prohibition preventing the circuit court judge from issuing a writ of habeas corpus ad prosequendum securing his temporary return from federal immigration custody to state custody. He asserts a lack of jurisdiction below and that issuing the writ will preclude him from obtaining release from immigration custody; hence, prohibition is his only remedy to prevent the operation of a classic "Catch-22." For the reasons below, we deny the petition.

I

Petitioner was arrested and later charged by information with one count of battery on a person 65 years of age or older, in violation of section 784.08(2), Florida Statutes (2024). He posted a bond and was released from the local jail into U.S. Immigration and Customs Enforcement ("ICE") custody on a federal immigration detainer.

The detainer stated, in material part, "probable cause exists that the subject is a removable individual" due to "[t]he pendency of ongoing removal proceedings." It further noted petitioner "poses a risk to national security, border security, or public safety."

Respondent, the State of Florida, filed a petition for writ of habeas corpus ad prosequendum in the circuit court, seeking petitioner's temporary

2

return to state custody. The court granted the petition but withheld formal ruling to allow petitioner to seek a writ of prohibition.

## II

## A

Prohibition is an extraordinary remedy and only available to prevent an inferior court from erroneously acting outside of its jurisdiction. See S. Records & Tape Serv. v. Goldman, 502 So. 2d 413, 414 (Fla. 1986). It does not lie to prevent "an erroneous exercise of jurisdiction." English v. McCrary, 348 So. 2d 293, 297 (Fla. 1977). Consistent with these threshold principles,

> [P]rohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine.

Mandico v. Taos Constr., Inc., 605 So. 2d 850, 854 (Fla. 1992). The writ is intended to be "narrow in scope, to be employed with great caution and utilized only in emergencies," English, 348 So. 2d at 296, and "where there is no other 'appropriate and adequate legal remedy.'" Sutton v. State, 975 So. 2d 1073, 1076 (Fla. 2008) (quoting S. Records & Tape Serv, 502 So. 2d at 414)); see also Crill v. State Rd. Dep't, 117 So. 795, 797 (1928) ("[I]t matters not whether the court below has decided correctly or erroneously; its

jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction.").

**B**

The Florida Constitution vests the circuit courts with "the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction." Art. 5, § 5(b), Fla. Const.; see also § 79.01, Fla. Stat. (2025) (authorizing a detainee to petition "the Supreme Court or any justice thereof, or to any district court of appeal or any judge thereof or to any circuit judge for a writ of habeas corpus"); Fla. R. App. P. 9.030(c)(3) ("Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction.").

Traditionally, the writ of habeas corpus protects against government overreach by providing a procedure for challenging illegal detention. Consequently, it has been labeled the "Great Writ." See Henry v. Santana, 62 So. 3d 1122, 1124 (Fla. 2011). Writs of habeas corpus ad prosequendum similarly guard against indefinite detention, as they provide a framework for ensuring comity between dueling prosecuting authorities. See Carbo v. United States, 364 U.S. 611, 621 (1961).

4

There is no express specific Florida constitutional provision pertaining to writs of habeas corpus ad prosequendum. They are, however, among "the oldest writs available to the judiciary." Ridgeway v. United States, 558 F.2d 357, 361–62 (6th Cir. 1977). In this vein, "the [United States Supreme] Court in an opinion by Mr. Chief Justice Marshall, Ex parte Bollman, [8 U.S. 75 (1807)], interpreted the words 'habeas corpus' as being a generic term including the writ 'necessary to remove a prisoner in order to prosecute him in the proper jurisdiction wherein the offense was committed.'" United States v. Mauro, 436 U.S. 340, 357 (1978) (quoting Carbo, 364 U.S. at 615 (emphasis omitted)).

Such writs trace their origins to the common law. William Blackstone observed in 1768 that:

> [t]he writ of *habeas corpus,* [is] the most celebrated writ in the English law. Of this there are various kinds made use of by the courts at Westminster, for removing prisoners from one court into another for the more easy administration of justice. Such is the *habeas corpus ad respondendum,* when a man hath a cause of action against one who is confined by the process of some inferior court; in order to remove the prisoner, and charge him with this new action in the courts above. Such is that *ad satisfaciendum,* when a prisoner hath had judgment against him in an action, and the plaintiff is desirous to bring him up to some superior court to charge him with process of execution. Such also are those *ad prosequendum, testificandum, deliberandum, &c;* which issue when it is necessary to remove a prisoner, in order to prosecute or bear testimony in any court, or to be tried in the proper jurisdiction wherein the fact was committed.

5

3 William Blackstone, Commentaries *129–30; see also § 2.01, Fla. Stat. (2025) ("The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state."). The writs have "fallen into disuse long since," because other tools, including alias capias holds and bench warrants, have rendered their need obsolete. State ex rel. Deeb v. Fabisinski, 152 So. 207, 210 (Fla. 1933). That said, they have not been altogether abolished. Id.; see, e.g., State v. Gazda, 257 So. 2d 242 (Fla. 1971); Hoskins v. State, 221 So. 2d 447 (Fla. 1st DCA 1969).

**C**

Against this background, we examine the case at hand. Casting aside the fact that "[a] final order of the circuit court granting or denying a petition for writ of habeas corpus is reviewable by appeal to the appropriate district court of appeal," Sumler v. State, 958 So. 2d 1001, 1002 (Fla. 1st DCA 2007) (quoting Philip J. Padovano, Florida Appellate Practice § 28.6 (2002)), a careful review of the underlying petition reveals it amounts to little more than a request for petitioner's temporary return to Miami-Dade County to resolve the pending felony charge. It does not contain a command, and upon this

6

undeveloped record, we are unable to discern whether petitioner would be entitled to release from ICE custody absent the requested transfer.

Nonetheless, it is axiomatic that the circuit court is constitutionally, statutorily, and procedurally authorized to issue a writ of habeas corpus. Consistent with Supreme Court precedent, writs of ad prosequendum habeas corpus are subsumed within the "Great Writ." The mere fact that another avenue for securing transfer may be equally or more appropriate does not alter these basic tenets.

Moreover, the ad prosequendum "writ [of habeas corpus] suffers no geographical limitations in its use," Carbo, 364 U.S. at 620, and petitioner's status as an immigration detainee rather than a federal prisoner does not preclude use of the writ, because the Interstate Agreement on Detainers does not apply. See § 941.45, art. IV(a), Fla. Stat. (2025) ("The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a *prisoner* against whom the officer has lodged a detainer *and who is serving a term of imprisonment* in any party state made available . . . upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated[.]") (emphases added). Accordingly, we deny prohibition.

7

Petition denied.